IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,824

STATE OF KANSAS,
*Appellee*,

v.

JAVIER RIZO,
*Appellant*.

SYLLABUS BY THE COURT

1.

The general rule is that issues not raised before the trial court cannot be raised for the first time on appeal. But because preservation is a prudential rule, rather than a jurisdictional bar, the appellate court has discretion to apply an exception to the general rule. One recognized exception that will allow an appellate court to consider a constitutional issue raised for the first time on appeal is where consideration of the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights.

2.

A district court cannot accept a jury trial waiver unless the defendant, after being advised by the court of his or her right to trial by jury, personally waives that right in writing or in open court for the record. The test for determining the validity of a jury trial waiver is whether the facts and circumstances establish that the waiver was voluntarily made by a defendant who knew and understood what he or she was doing.

3.

The defendant's waiver of a jury trial is separate and distinct from the defendant's agreement to proceed to trial before the district court on stipulated facts, so that the

1

defendant does not have to be apprised of the consequences of a bench trial on stipulated facts in order to knowingly waive his or her right to a jury trial.

4.

A district court does not have the discretion to depart from the mandatory life sentence for felony murder.

5.

An appellate court does not have jurisdiction to review the district court's denial of a motion to depart from a presumptive sentence under the revised Kansas Sentencing Guidelines Act.

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 12, 2016. Affirmed in part and dismissed in part.

*Sarah Ellen Johnson*, of Capital Appellate Defender Office, argued the cause and was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Javier Rizo appeals his convictions for first-degree felony murder, three counts of aggravated battery, fleeing or attempting to elude a law enforcement officer, and battery. He argues the district court erred by: (1) failing to obtain a knowing and voluntary trial waiver from him before allowing his case to proceed as a bench trial on stipulations, and (2) denying his motion for a departure sentence. We reject both

2

arguments, affirm the jury trial waiver and the life sentence for felony murder, and dismiss the sentence departure claim.

## FACTUAL AND PROCEDURAL OVERVIEW

In the early morning hours of October 27, 2013, Rizo and his girlfriend, Danielle Martinez, had an argument at a club in the Old Town district of Wichita, Kansas. At approximately 1:15 a.m., Rizo took Martinez' minivan keys, prompting Martinez to tell Rizo he could not drive her vehicle because he was drunk. Rizo responded by grabbing Martinez around the neck and pushing her, causing security personnel to remove Rizo from the club.

At approximately 2 a.m., two uniformed police officers in the Old Town district learned of a parking lot disturbance. A witness pointed the officers to Martinez' minivan. The officers walked toward the minivan, but it exited the parking lot. Rizo was driving the minivan, and he had three passengers with him, including his brother, Tony Losey. The officers pursued the minivan in their marked patrol car. Rizo led the officers on a high speed chase within the city limits, during which he committed multiple traffic violations, including exceeding the posted speed limits, at one point accelerating to an estimated 80 to 90 miles per hour.

Rizo eventually crashed into a Suzuki automobile at an intersection. Rizo and Losey fled the collision scene. The two remaining minivan passengers and the driver and passenger of the Suzuki, Maria and Sergio Martinez, sustained injuries requiring hospitalization. Maria died at the hospital at 2:56 a.m.

The Wichita Police Department attempted to locate Rizo for several weeks following these events. According to Rizo's family, Rizo left Kansas shortly after the

3

collision. On January 5, 2014, law enforcement found Rizo at a residence in Wichita, Kansas, and took him into custody.

Rizo was later interviewed by Detective Paul Kimble. After being read his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, *reh. denied* 385 U.S. 890 (1966), Rizo explained that during the events in question, he was drunk and most of the night was a blur. When Rizo saw the police lights, he did not want to get his brother in trouble because the brother was on probation, so Rizo kept driving. He said he did not see the Suzuki coming and did not remember the crash. After the crash, he took off running and did not check on anyone's wellbeing because he was scared. He further explained that there was a warrant out for his arrest and that he had just gotten out of jail.

The State charged Rizo with second-degree murder or, in the alternative, first-degree felony murder for the death of Maria Martinez; three counts of aggravated battery for the others injured in the collision; fleeing or attempting to elude a law enforcement officer; and battery of his girlfriend. The district court granted Rizo's motion to suppress his pre-*Miranda* statements and denied his motion to suppress his post-*Miranda* statements after a *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), hearing. At the preliminary hearing, the State presented DNA evidence placing Rizo in the driver's seat of the minivan.

When the parties could not reach a plea agreement, Rizo's counsel informed the State that Rizo wanted to waive his right to a jury trial. In exchange for Rizo waiving this right and proceeding on stipulated facts, the State agreed to dismiss another pending criminal case against Rizo for felony fleeing and eluding, Sedgwick County Case No. 13 CR 2514, which the State alleged Rizo committed a few weeks before the events leading to this case. If convicted in 13 CR 2514, Rizo's criminal history score would

4

increase from a "D" to a "B," which would increase the potential sentences for the guidelines offenses in this case.

Before the district court, the parties discussed their negotiations. Rizo's counsel asserted that he would never let his client waive his right to a jury trial unless the client was receiving a deal in exchange for the stipulated facts and that, in this case, Rizo did not want to put the victim's family through a trial. After hearing from both parties, the district court had a colloquy with Rizo about his decision to waive his right to a jury trial. At one point, the district court asked the State and defense counsel if there was anything else the court needed to cover. Defense counsel informed the court, "No, sir. He understands his rights, we have talked about it, this is what he wants to do, and it's beneficial to him." The State asked the court to clarify that the only right Rizo was waiving at that time was his right to a jury trial before 12 citizens of the community. The court then ensured that Rizo understood he was waiving his right to a jury trial and wished to proceed "either with a bench trial or a trial to me [the judge] on stipulated facts."

Later that same day, the parties returned to the district court and presented the court with a document entitled "Agreement to Proceed to Trial on Stipulated Facts" (the stipulated facts agreement) and a document entitled "Stipulation by the Parties" (the additional stipulations). The stipulated facts agreement provided that Rizo had previously made a knowing and voluntary waiver of his jury trial right; it informed the court of Rizo's choices not to testify in his own defense and to waive confrontation of the State's witnesses and evidence; it withdrew Rizo's objection to the admission of his post-*Miranda* statements; and it explained that Rizo agreed to allow the court to accept as true the facts set forth in the exhibits and stipulations agreed upon by the parties. The agreement also clarified that if Rizo was convicted of any charges, both parties were free to argue for any lawful sentence.

Pursuant to the stipulated facts agreement, the district court formally dismissed the charges in 13 CR 2514. At the State's request, the district court held an on-the-record colloquy with Rizo regarding his decision to proceed as set forth in the stipulated facts agreement. The district court confirmed with Rizo that he had signed the stipulated facts agreement and additional stipulations after having ample time to consult with his counsel and obtain answers to any questions he had. Rizo said it was his decision alone to sign both documents.

The district court found Rizo guilty as charged on each count. The district court denied Rizo's motion for new trial or judgment of acquittal, where Rizo argued insufficient evidence supported the district court's verdict.

At sentencing, the district court denied Rizo's motion for departure. The court dismissed the second-degree murder conviction and sentenced Rizo to life in prison for first-degree felony murder, 55 months for the primary count of aggravated battery, and 34 months for one of the additional counts of aggravated battery, to run consecutive to the life sentence. The court also imposed 31 months for the remaining count of aggravated battery, 7 months for fleeing or attempting to elude a law enforcement officer, and 6 months for battery to run concurrently. Therefore, Rizo's controlling sentence was life imprisonment with 89 months' imprisonment to run consecutive to the life sentence.

Rizo filed a timely appeal, over which this court has jurisdiction under K.S.A. 2015 Supp. 22-3601(b) (off-grid crime; maximum sentence of life imprisonment imposed).

6

Rizo argues the district court did not obtain a knowing and voluntary trial waiver from him. He asserts that when he waived his right to a jury trial, the district court failed to fully inform him of all the rights he was waiving because, at that time, the parties had not determined whether the trial would proceed as a bench trial with evidence presented or a bench trial on stipulated facts. Before considering the merits of Rizo's claim, there is a threshold question concerning preservation.

*Issue Preservation*

The State argues that this court should not consider Rizo's claim for the first time on appeal. In general, issues not raised before the trial court cannot be raised for the first time on appeal. See, *e.g.*, *State v. Shadden*, 290 Kan. 803, 813, 235 P.3d 436 (2010). However, there are three recognized exceptions allowing an appellate court to consider a constitutional issue raised for the first time on appeal, including when consideration of the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Anderson*, 294 Kan. 450, 464-65, 276 P.3d 200 (2012).

Because preservation is a prudential rule, rather than a jurisdictional bar, we have discretion to apply an exception to the general rule. *State v. Frye*, 294 Kan. 364, 369, 277 P.3d 1091 (2012). In *Frye*, we rejected a bright-line rule that a jury trial waiver issue cannot be raised for the first time on appeal, reasoning "whether the court has advised a defendant of his or her right to a jury trial . . . should be one of the last to be denied the opportunity for exceptional treatment." 294 Kan. at 370. *Frye* held the Court of Appeals did not err in applying an exception to the preservation rule where the district court made no effort to ascertain the validity of a handwritten jury trial waiver and did not advise the defendant of his right to a jury trial. 294 Kan. at 371.

In *State v. Beaman*, 295 Kan. 853, 856-62, 286 P.3d 876 (2012), we likewise addressed a jury trial waiver issue for the first time on appeal where defendant claimed he was confused during the district court's discussion about waiver, which the defendant argued implicated the district court's affirmative duty to ensure he fully understood his right to a jury trial. Rizo's claim is analogous to the issue we reviewed in *Beaman*. He claims the district court's jury trial waiver colloquy was inadequate to inform him of other trial rights he would waive if he proceeded to a bench trial on stipulated facts as opposed to a bench trial where evidence was presented. While we ultimately disagree with his arguments, we will consider the issue even though it is raised for the first time on appeal.

*Standard of Review*

"Whether a defendant waived the right to a jury trial is a factual question, subject to analysis under a substantial competent evidence standard of review. But when the facts of the district court's determination to accept a jury trial waiver are not disputed, the question whether the defendant voluntarily and knowingly waived the jury trial right is a legal inquiry subject to unlimited appellate review." *Beaman*, 295 Kan. at 858.

*Analysis*

The Sixth Amendment to the United States Constitution and §§ 5 and 10 of the Kansas Constitution Bill of Rights guarantee a criminal defendant the right to a jury trial. See also K.S.A. 22-3403(1) ("The defendant and prosecuting attorney, with the consent of the court, may submit the trial of any felony to the court. All other trials of felony cases shall be by jury."); *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975) ("The right of a criminal defendant to be tried by a jury of his peers, rather than by the court alone, is 'fundamental to the American scheme of justice.'") (quoting *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 [1968]). Although "[a]

8

criminal defendant may waive the fundamental right to a jury trial if the court and State agree to the waiver," such waivers are "strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury." *Beaman*, 295 Kan. at 858 (citing *Irving*, 216 Kan. at 589).

Therefore, the district court cannot accept a jury trial waiver "'unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.'" *Irving*, 216 Kan. at 589-90 (quoting American Bar Association Standards for Criminal Justice, Trial by Jury, Section 1.2[b], p. 7). "The test for determining the waiver's validity is whether it was voluntarily made by a defendant who knew and understood what he or she was doing. Whether that test is satisfied depends upon the particular facts and circumstances in each case." *Beaman*, 295 Kan. at 858.

Here, Rizo does not dispute that he waived his right to a jury trial in open court. Further, he acknowledges that the district court's colloquy with him "arguably adequately constituted a waiver of [] Rizo's right to trial by jury by informing him he was waiving the right to have 12 people make a unanimous decision[.]" We agree with that concession. The district court held a lengthy colloquy with the Rizo, where the court advised Rizo that he was waiving his right to a jury trial. The following excerpt illustrates how the district court advised Rizo of the right he was waiving:

"THE COURT:  All right. And when you have—when you have a jury, the jury is 12 people. And what happens with your situation is you go through a possible panel by questioning them, trying to find their impartiality, trying to find their neutrality on a case like this, and certain jurors are dismissed and you end up with 12.

"And you have a right to present your case to those 12 people. And those 12 people have to unanimously decide that you're guilty. If they don't have unanimity, if it is

9

not unanimous, then they don't come back with a guilty verdict on you. That's in particular what you're giving up. Do you understand that. [*sic*]

> "THE DEFENDANT: Yes, sir.

> "THE COURT: And is it still your desire to waive that trial to a jury and then proceed either with a bench trial or a trial to me on stipulated facts?

> "THE DEFENDANT: Yes, sir."

Furthermore, in the stipulated facts agreement, Rizo acknowledged his waiver:

> "1. Defendant, having previously knowingly, intelligently, freely, and voluntarily waived his right to a jury trial on all charges in the Information filed in this case, now agrees to proceed to bench trial by stipulated facts."

Rizo does not cite any authority requiring the district court to explain other trial rights to a defendant in order to obtain a knowing and voluntary jury trial waiver. Further, our caselaw has upheld jury trial waivers even when the district court fails to explain the particulars surrounding the right to a jury trial. See *State v. Lewis*, 301 Kan. 349, 377-78, 344 P.3d 928 (2015) (holding jury trial waiver valid although district court did not inform defendant of his attorney's ability to make challenges under *Batson v. Kentucky*, 476 U.S. 79, 88-89, 106 S. Ct. 1712, 90 L. Ed. 2d 69 [1986]); *Beaman*, 295 Kan. at 859, 862 (holding jury trial waiver valid although the district court did not explain that a 12-person jury would need to unanimously agree on guilt); *State v. Clemons*, 273 Kan. 328, 340-41, 45 P.3d 384 (2002) (holding jury trial waiver valid although district court did not inform defendant of right to unanimous verdict); see also *State v. Savage*, No. 112,882, 2015 WL 8590269, at *5-7 (Kan. App. 2015) (unpublished opinion) (holding jury trial waiver valid despite defendant's argument that district court failed to clearly distinguish between jury trial, bench trial, and the use of stipulated facts). Certainly, then, we are satisfied that under the facts and circumstances in this case, Rizo's jury trial waiver was knowing and voluntary.

Rizo, however, argues that the jury trial waiver colloquy was inadequate to inform him of the other trial rights he would waive if he proceeded to a bench trial on stipulated facts as opposed to a bench trial where evidence was presented. Rizo argues the district court failed to advise him that by proceeding on stipulated facts, he waived the right to cross-examine witnesses, compel the appearance of favorable witnesses, appeal adverse evidentiary rulings, and appeal an alleged violation of his Fifth Amendment rights.

Rizo's first, and most glaring, hurdle is that his argument does not comport with the evidence in the record. Before the case proceeded on stipulated facts, the State and the defense presented the district court with the stipulated facts agreement, signed by Rizo, which specifically provided:

> "2. As part of this agreement, defendant informs the Court of his choice not to testify in his own defense, to waive confrontation of the State's witnesses and evidence, and to allow the Court to accept as true the facts set forth in the following exhibits and stipulations[.]
>
> . . . .
>
> ". . . Defendant specifically withdraws any objection to the Court's admission and consideration of his post-*Miranda* statements[.]"

At the State's request, the district court held a colloquy with Rizo about the stipulated facts agreement and additional stipulations. Pointedly, Rizo's brief fails to acknowledge or discuss this colloquy. At oral argument, defense counsel conceded that we should consider the district court's verbal exchange with Rizo, in addition to the submitted written documents, when determining the adequacy of the district court's actions. But counsel nevertheless maintains that the district court's actions were insufficient to ensure Rizo understood the rights he was waiving. We disagree.

Before allowing the trial to proceed under the stipulated facts agreement, the district court judge came off the bench and talked with Rizo. The judge confirmed that Rizo had, in fact, signed both the stipulated facts agreement and the additional stipulations; that Rizo had ample time to consult with his counsel and obtain answers to any questions he had; and that it was Rizo's own decision to sign both documents. Rizo cites no authority to support his claim that his rights were insufficiently protected by the district court, and we find that argument to be unsupported and unpersuasive.

This court's holding in *White v. State*, 222 Kan. 709, 568 P.2d 112 (1977), undermines Rizo's theory. The *White* court clarified that a bench trial on stipulated facts is not the same as a guilty plea and does not require the district court to employ the K.S.A. 22-3210 procedure for accepting a guilty plea. 222 Kan. at 712-13. "We know of no case or statute holding that a trial court must interrogate and advise a defendant, who is represented by counsel, before accepting and approving stipulations as to the evidence, and we are not prepared to initiate such a requirement." 222 Kan. at 713. Here, the district court did, in fact, interrogate and advise Rizo, *i.e.*, the trial judge went above and beyond what was required by law. Moreover, this court has confirmed "'that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy.'" *State v. Kinnell*, 197 Kan. 456, 461, 419 P.2d 870 (1966) (quoting *Wilson v. Gray*, 345 F.2d 282, 286 [9th Cir. 1965]); see also *State v. Laturner*, 289 Kan. 727, 739, 218 P.3d 23 (2009) ("[T]he right of confrontation 'falls into the class of rights that defense counsel can waive through strategic decisions, such as choosing whether and how to conduct cross-examination or by stipulating to the admission of evidence. [Citation omitted.]'") (quoting *Hinojos-Mendoza v. People*, 169 P.3d 662, 669 [Colo. 2007]).

12

In sum, we hold that the district court in this case obtained a knowing and voluntary jury trial waiver from Rizo and that it did not err in allowing his case to proceed under the stipulated facts agreement.

MOTION FOR DEPARTURE SENTENCE

Rizo argues that no reasonable person could agree with the district court's denial of his request for a departure. As the person alleging an abuse of discretion, Rizo bears the burden of showing such an abuse. See *State v. Heywood*, 245 Kan. 615, 621, 783 P.2d 890 (1989).

In his brief, Rizo argued for a departure from his felony-murder life sentence. But at oral argument, Rizo's counsel conceded that no legal authority allowed the district court to depart from his life sentence. This concession is in line with our recent decision in *State v. Nguyen*, 304 Kan. 420, Syl. ¶ 2, 372 P.3d 1142 (2016), where we held that "K.S.A. 2015 Supp. 21-6806(c) does not give district courts discretion to depart from a life sentence for felony murder." Therefore, the district court's refusal to depart from the life sentence for felony murder is affirmed.

Because of that legal deficiency, counsel attempted to pivot and to transform Rizo's claim into a challenge to the district court's refusal to depart from the on-grid sentences. But that tack runs head-on into a jurisdictional barrier.

Whether jurisdiction exists is a question of law over which we have unlimited review. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009).

The revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2015 Supp. 21-6801 *et seq.*, defines a defendant's right to appeal from his or her sentence. K.S.A. 2015

13

Supp. 21-6820(c)(1) provides that "the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." The KSGA defines "'presumptive sentence'" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2015 Supp. 21-6803(q). Consequently, with respect to Rizo's sentences that are derived from the KSGA grid there is no appellate jurisdiction.

We do note that on one of the counts Rizo was sentenced to the aggravated number in the applicable grid block. *State v. Ross*, 295 Kan. 1126, 1135-36, 289 P.3d 76 (2012), found that this court lacked jurisdiction to consider a similar scenario. There, we stated that "'[u]nder K.S.A. 21-4721(c)(1), an appellate court is without jurisdiction to consider a challenge to a presumptive sentence, even if that sentence is to the highest term in a presumptive grid block.'" 295 Kan. at 1135 (quoting *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 [2008]); see also *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011) ("Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence."). Although *Ross* additionally held that this court has jurisdiction to consider whether the district court abused its discretion in running his felony-murder sentence consecutive to his grid sentence, 295 Kan. at 1136-38, Rizo does not make that argument; therefore, it is deemed waived and abandoned. See *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008) ("an issue not briefed is deemed waived or abandoned").

In short, this court has no jurisdiction to consider Rizo's departure issue and that claim must be dismissed.

Affirmed in part and dismissed in part.

14