NOT DESIGNATED FOR PUBLICATION

No. 116,432

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL ORTIZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON and W. LEE FOWLER, judges. Opinion filed
October 13, 2017. Reversed and remanded.

*Jennifer Roth* and *Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for
appellant.

*Carissa Brinker*, assistant county attorney, *Marc Goodman,* county attorney, and *Derek Schmidt,*
attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

LEBEN, J.: Daniel S. Ortiz appeals his conviction for violating the Kansas Offender
Registration Act, K.S.A. 22-4901 et seq., raising two main issues.

First, he argues that his waiver of his jury-trial right should be held invalid
because the district court didn't sufficiently advise him about that right. We agree; the
district court never affirmatively told Ortiz that he had a right to have his case tried to a

jury, and a trial court should do at least that much before accepting a jury-trial waiver. Because his waiver wasn't valid, he's entitled to a new trial—before a jury—unless he knowingly waives that right when the case goes back to the district court.

Second, he argues that the evidence against him wasn't sufficient to convict him. He was convicted for violation of the statutory requirement that he notify authorities within three days of a termination of employment. See K.S.A. 2014 Supp. 22-4905(g). He argues that the evidence didn't show that he was actually terminated; some evidence suggested he was on an inactive status until a dispute about his pay was resolved. But a form Ortiz filled out on May 4, 2015, noted that his employment at his last reported employer had ended on about February 28, 2015, leaving a gap of much more than three days before he reported the termination. While there's some conflict in the evidence about whether he was terminated, there was enough evidence to support his conviction, so we will send the case back for trial.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Daniel S. Ortiz with violating the Kansas Offender Registration Act by failing to register the termination of his employment within three days. The State alleged two separate violations—one on or about February 28, 2015, and one on or about March 31, 2015. If Ortiz had had a "change or termination of . . . employment status" more than three days before either of those reporting dates, then he would have violated K.S.A. 2014 Supp. 22-4905(g).

The district court accepted a waiver of Ortiz' jury-trial right from him at a hearing held April 6, 2016. We'll set out their full exchange later in the opinion, but in general the trial judge presiding over that hearing, Judge Lee W. Fowler, asked Ortiz if he wanted to "try the case to Judge Larson instead of trying it to a jury" and whether he had "any questions about [his] right to have a jury trial." Ortiz agreed that he wanted to try the case

2

to Judge Larson and said he had no question about his rights "at this time." The court then said it would "accept defendant's waiver of his right to a jury trial." The case was then tried to Judge Jeffrey J. Larson, sitting without a jury.

Daniela Esquivel, a staffing consultant from the employment agency Express Employment, testified that Ortiz had been interviewed on January 28, 2015, and had begun working at Simmons Pet Food on January 29. About a month later, on February 24, 2015, she said Ortiz had stopped going to work. Six days later, on March 2, she said Express Employment had inactivated Ortiz' account, meaning it would no longer contact him for additional work assignments. According to Esquivel, Express did not contact Ortiz after he had stopped appearing for work or when it inactivated his account. Sometime after February 24, an Express employee called Ortiz' ex-girlfriend and asked her if she thought Ortiz wanted to go back to work and she responded that she would "relay the message" to him.

Other trial testimony established some background about why Ortiz had stopped going to work. Both Ortiz' arresting officer and a Simmons Pet Food representative testified that Ortiz had reported issues with his pay. According to Ortiz' lawyer, that was why he had stopped going to work. Ortiz' arresting officer testified that Ortiz said he had believed he was still "on-call" at Express Employment. Despite Ortiz' claims that he was being underpaid, Esquivel, the Express Employment representative, testified that Ortiz' payroll information showed that he had actually been overpaid, not underpaid.

Although there was no evidence that either Express Employment or Simmons Pet Food contacted Ortiz after he stopped working, some evidence established that Ortiz knew that he was no longer employed. Amy Jackson, an administrative assistant at the Lyon County Sheriff's Office, testified that when Ortiz completed his regular, every-three-months registration requirement on May 4, he had filled out a Kansas offender

3

form. On that form, he had estimated that February 28, 2015, had been his last day of employment at Express Employment.

The district court found Ortiz guilty on one of the two counts of failing to register. The court said it was conceivable that Ortiz still believed he remained an employee for a few days after February 24, 2015 (the last day he worked at Simmons Pet Food). But the court said it could not believe that Ortiz still considered himself to be employed with Express beyond February and into March. The court sentenced Ortiz to probation for 24 months with an underlying 36-month prison sentence that would be served if Ortiz did not successfully complete his probation. Ortiz then appealed to our court.

ANALYSIS

I. *Ortiz' Jury-Trial Waiver Wasn't Valid Because the District Court Didn't Sufficiently Advise Him of His Jury-Trial Right.*

Ortiz' first argument is that his waiver of the right to a jury trial wasn't valid because the district court didn't properly advise him about it. If we agree, we would need to send the case back for a jury trial since he was entitled to a jury trial absent a proper waiver of that right.

While he didn't raise this issue at the district court—and we usually don't consider arguments raised for the first time on appeal—we may consider an issue when review is necessary to protect fundamental rights. On that basis, the Kansas Supreme Court has considered the validity of jury-trial waivers in several cases. E.g., *State v. Rizo*, 304 Kan. 974, 979, 377 P.3d 419 (2016); *State v. Beaman*, 295 Kan. 853, 857-58, 286 P.3d 876 (2012); *State v. Frye*, 294 Kan. 364, 368, 277 P.3d 1091 (2012); *State v. Irving*, 216 Kan. 588, 588-89, 533 P.2d 1225 (1975). For that reason, we will consider Ortiz' argument.

4

Both the United States and Kansas Constitutions guarantee a criminal defendant's right to a jury trial. U.S. Const. amend. VI; Kan. Const. Bill of Rights, §§ 5, 10. This right is also protected by statute under K.S.A. 22-3403(3). The jury-trial right applies whenever a defendant is subject to imprisonment for more than six months—and even for petty offenses subject to imprisonment of less than six months when there are additional penalties indicating the legislature treats the offense as a serious one. See *State v. Woolverton,* 52 Kan. App. 2d 700, 701-02, 371 P.3d 941 (2016), *rev. denied* ___ Kan. ___ (September 28, 2017). Both sides agree Ortiz had a constitutional right to a jury trial; their dispute is only about whether his waiver of that right was valid.

Our Supreme Court has said that a waiver must be knowingly and voluntarily made either in writing or in open court. And the presiding judge "has a duty to ensure that a defendant's rights have been adequately protected." *Beaman*, 295 Kan. 853 Syl. ¶ 2. That much is clear. What's less certain are what specific steps, if any, a presiding judge must take to be sure the defendant's jury-trial waiver is made with sufficient understanding of the jury-trial right.

The Kansas Supreme Court set out a black-letter rule in its 1975 opinion in *Irving*. After reviewing caselaw from other states and an American Bar Association policy statement, the court adopted a rule that would seem to negate any waiver unless the judge at a minimum tells the defendant that he or she has a right to a jury trial:

> "[W]e hold that in order for a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record." 216 Kan. at 590.

The *Irving* court said "the adoption of this standard . . . will minimize the uncertainty otherwise attendant to the determination of whether the defendant knowingly and intelligently waives a jury trial." 216 Kan. at 590.

If the *Irving* standard represented the full state of the law on this point, our decision in Ortiz' case would be easy. As we will see in a moment, the judge in Ortiz' case did not tell him about his jury-trial right—he just confirmed that Ortiz wanted to waive the right. That would not meet the *Irving* standard. But in later cases the Kansas Supreme Court has upheld jury-trial waivers in some cases even when there wasn't strict compliance with the rule set out in *Irving*.

For example, in the 2002 case of *State v. Clemons*, 273 Kan. 328, 45 P.3d 384 (2002), the defendant's jury-trial waiver took place while the defendant was representing himself—at his choice—on several charges including murder and attempted murder. On the day his jury trial was set to begin, with potential jurors waiting in the courtroom, the attorney acting as standby counsel (helping Clemons to represent himself) told the court Clemons wanted to waive his jury trial. That led to a detailed conversation between Clemons and the judge. Clemons confirmed that he had discussed the matter with his standby counsel. The court twice told Clemons that if he gave up the right to a jury that day, he wouldn't be allowed to change his mind later. The court asked, "Is it your decision to give up your right to a jury trial?" Clemons said, "Yes." After confirming that no one had threatened him or promised anything to him to get him to waive his jury-trial right, the court accepted the waiver. 273 Kan. at 336-37.

The Kansas Supreme Court upheld the waiver even though the judge never directly said to Clemons that he had a right to have his case tried to a jury. The court emphasized that the validity of the waiver "must be based on the facts and circumstances in each case." 273 Kan. at 340. The court noted in Clemons' case that he had discussed the matter with the standby attorney, that the waiver was made on the day of his jury trial

6

with potential jurors waiting in the courtroom, and that Clemons never complained about the waiver to the trial court or sought to withdraw it. 273 Kan. at 340-41. Additionally, before taking the waiver, the trial judge had twice told Clemons that he wouldn't be allowed to change his mind later and get a jury trial. 273 Kan. at 336-37.

Similarly, in the 2012 *Beaman* case, the court again upheld a waiver even though the judge never directly told the defendant about the right to a jury trial. But the trial judge confirmed Beaman's "desire to waive a jury for this trial," discussed with Beaman that the defense attorney had both advised against waiver and said "the defendant is almost always better off taking a case in front of a jury," and heard Beaman personally explain in detail why he preferred to try the case to the judge. 295 Kan. at 854-55. Our Supreme Court emphasized that there had been a "thoughtful exchange between the court and the defendant" and that Beaman twice "acknowledg[ed] his explicit preference for a bench trial by twice saying, 'I put it in your hands.'" 295 Kan. at 860-61.

While our Supreme Court upheld waivers in *Clemons* and *Beaman* even though the trial judge hadn't specifically advised the defendant of the right to have the case decided by a jury, that information was provided by the judge in many other cases in which the jury-trial waiver has been upheld. E.g., *Rizo*, 304 Kan. at 980-81; *Lewis*, 301 Kan. at 374-75, 377-78. The court has recently said that a trial judge "cannot accept a jury trial waiver" unless the defendant has first "be[en] advised by the court of his or her right to trial by jury." *Rizo*, 304 Kan. 974, Syl. ¶ 2; see *Lewis*, 301 Kan. at 376-77 (citing the *Irving* standard). Even so, as *Beaman* and *Clemons* make clear, the ultimate question is not what specific words the trial judge used but whether the defendant sufficiently understood he or she had a jury-trial right. *Rizo*, 304 Kan. at 981; *Beaman*, 295 Kan. at 858; *Clemons*, 273 Kan. at 340-41.

With these precedents in mind, let's turn to what happened in Ortiz' case. The purported waiver took place at a pretrial hearing in which the trial judge confirmed that

Ortiz wanted to try the case to a judge rather than a jury. But when the defendant told the judge he had no questions about the jury-trial right "at this time," the judge didn't follow up with an explanation that there would be no do-overs later:

> "THE COURT: Has Mr. Ortiz waived his jury trial right?
> "MR. MILLER [Defense Counsel]: We have not; although, we've already discussed it and are ready to do so.
> "THE COURT: Okay, Mr. Ortiz, I have been advised by the attorneys that it's your desire to try the case to Judge Larson instead of trying it to a jury; is that correct?
> "THE DEFENDANT: Yes, Your Honor.
> "THE COURT: Okay. Has anybody made any promises to you or threats against you to get you to waive that right to a jury trial here today?
> "THE DEFENDANT: No, sir.
> "THE COURT: So, you're telling me your waiver's your free and voluntary act?
> "THE DEFENDANT: Yes, Your Honor.
> "THE COURT: Okay. Do you have any questions about your right to have a jury trial or your waiver of that right?
> "THE DEFENDANT: Not at this time, Your Honor.
> "THE COURT: Okay. And you're asking me to approve your waiver of the jury trial and to proceed to trial to the Court; is that correct?
> "THE DEFENDANT: Yes.
> . . .
> "THE COURT: Okay. Court will accept defendant's waiver of his right to a jury trial."

Factors in favor of upholding the waiver include that Ortiz' attorney said he and Ortiz had discussed the waiver, Ortiz confirmed that he'd rather try the case to a judge than to a jury, and Ortiz asked the judge to approve "waiver of the jury trial right." On the other hand, the judge never made the affirmative statement called for by *Irving*. Even though that statement isn't absolutely required for a waiver to be upheld, the *Beaman* court reiterated that it is "better practice" for the trial judge to expressly tell the defendant

8

he or she has a right to a jury trial before having further discussion about a waiver. 295 Kan. at 860. And we think it significant that Ortiz said he had no further questions "at this time." In some other cases in which waivers have been upheld, the trial judge specifically explained that waiver of the right would be permanent, not something that could be reconsidered later. E.g., *Lewis*, 301 Kan. at 375 (quoting trial judge's warning that "once you waive a jury, you can't get it back later on"); *Clemons*, 273 Kan. at 337 (quoting trial judge's warning that "if you give up the right to a jury, you won't be allowed to change your mind and have a jury at some future time").

In addition to these Kansas Supreme Court precedents, our court has of course considered the validity of jury-trial waivers many times. E.g., *State v. Chavez-Majors*, 54 Kan. App. 2d 543, ___ P.3d ___, 2017 WL 3572948, at *6 (Kan. App. 2017) (holding the jury-trial waiver invalid when trial judge didn't comply with *Irving* standards), *petition for rev.* filed August 31, 2017; *State v. Johnson*, 46 Kan. App. 2d 387, 397-400, 264 P.3d 1018 (2011) (same); and *State v. Larraco*, 32 Kan. App. 2d 996, 1000-02, 93 P.3d 725 (2004) (holding the jury-trial waiver invalid when the trial judge didn't explain the difference between a jury trial and a bench trial). Ortiz mentioned two of our cases in which waivers were set aside in his appellate brief, *Larraco* and *State v. Cervantes-Cano*, No. 107,179, 2013 WL 1943060 (Kan. App. 2013) (unpublished opinion). In both of those cases, though, the defendant needed the help of an interpreter to understand what the judge was saying. That factor, not present in our case, appears to have been an important factor in both of those cases. See *State v. Johnson*, No. 113,229, 2016 WL 758327, at *3 (Kan. App. 2016) (unpublished opinion) (upholding jury-trial waiver and finding the *Cervantes-Cano* precedent distinguishable in part because Cervantes-Cano had difficulty understanding English), *rev. denied* 306 Kan. ___ (April 26, 2017). In any event, our Supreme Court has emphasized that whether a waiver is valid "depends upon the particular facts and circumstances in each case." *Beaman*, 295 Kan. at 882.

Given the Kansas Supreme Court precedents we have cited, the case before us presents a close call. We think the right call here is to say that we have enough doubt about the defendant's understanding of his rights to set aside the waiver. Given the uncertainties we have noted in the discussion here between Ortiz and the trial judge, setting aside the waiver is in line with the general rule that "these waivers should be strictly construed to ensure the defendant every opportunity to receive a fair and impartial trial by jury."*Beaman*, 295 Kan. at 882. We reverse the district court's judgment and send the case back for a new trial with the defendant's jury-trial right intact.

II. *The State Presented Sufficient Evidence to Convict Ortiz of This Offense*.

Ortiz also argues that the State's evidence wasn't sufficient to convict him. If he were successful on this claim, we would be obliged to order dismissal of the remaining charge for which he was convicted. But we conclude that the evidence was sufficient to allow a reasonable fact-finder to find Ortiz guilty, even though that's not the only available inference from the evidence.

When the sufficiency of evidence is challenged in a criminal case, we look to see whether the evidence, when viewed in the State's favor, was enough so that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Robinson*, 306 Kan. ___, 399 P.3d 194, 204 (2017). We look at the evidence in the light most favorable to the State because the fact-finder has already found in the State's favor when it convicted the defendant. *State v. Torres*, 53 Kan. App. 2d 258, 267, 386 P.3d 532 (2016), *rev. granted* ___ Kan. ___ (August 30, 2017). Our job on appeal, of course, is not to reweigh the evidence; we simply decide whether it was sufficient to support the fact-finder's conclusion. 53 Kan. App. 2d at 267.

The Kansas Offender Registration Act requires that a covered person "register in person upon any . . . change or termination of . . . employment status" within three

10

business days. K.S.A. 2014 Supp. 22-4905(g). The Act tells us what employment is: "any full-time, part-time, transient, day-labor employment or volunteer work, with or without compensation, for three or more consecutive days or parts of days, or for more than 10 or more nonconsecutive days in a period of 30 consecutive days." K.S.A. 2014 Supp. 22-4905(i). Under that definition, employment is broadly defined and *begins*, from the standpoint of requiring registration, once the person has had the defined relationship over parts of three consecutive or for more than 10 nonconsecutive days in a 30-day period. But the statute doesn't specifically define what's meant by the *termination* of employment.

Ortiz cites the definition provided by Black's Law Dictionary—"[t]he complete severance of an employer-employee relationship." Black's Law Dictionary 1700 (10th ed. 2014). The State didn't argue with that definition, and we will apply it here. So termination would be the complete severance of the relationship between Ortiz and his employer.

Under this definition, as Ortiz argues, an extended time in which the employee doesn't work wouldn't be enough. Ortiz cites as an example a college student who requests no shifts during a summer break but plans to continue working when the next academic year begins. In that case, absent additional facts, the employment relationship wouldn't have been completely severed.

Meanwhile, the State emphasizes that there is no required mental state—like intentional conduct or even knowing conduct—for the criminal offense of violating the Kansas Offender Registration Act. After our Supreme Court's decision in *In the Matter of C.P.W.*, 289 Kan. 448, 455-56, 213 P.3d 413 (2009), that the violation of the Act was a general-intent crime, the Kansas Legislature amended the law to provide that a defendant could be guilty of violating the Act even "without having a culpable mental state." L. 2010, ch. 136, sec. 14 (amending K.S.A. 21-3204); see K.S.A. 2014 Supp. 21-5203(f). So

while Ortiz' understanding of the situation could be relevant in determining whether his employment relationship with Simmons Pet Food had been completely severed, the statutory language does not require that he have intended to violate the Act. All that's required is that his employment have been terminated and that he failed to register in person within three days afterward.

With this understanding, was the evidence sufficient that he could be convicted? Yes. His own admission, through the form he filled out in May estimating that his employment terminated February 28, was sufficient evidence to support the conviction. While there are certainly other inferences that could be drawn from the evidence in this case about whether Ortiz' employment had been terminated and, if so, when that happened, his own admission—combined with testimony of Simmons Pet Food employees—supports the conclusion that the employment relationship was completely severed more than three days before he registered to report a change in employment. Because there is sufficient evidence to convict Ortiz of the offense, we return the case to the district court.

The district court's judgment is reversed; the case is remanded for further proceedings consistent with this opinion.