NOT DESIGNATED FOR PUBLICATION

No. 119,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE DAKOTA LEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOE DICKINSON, judge. Opinion filed November 30, 2018. Vacated.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, chief deputy county attorney, *Gregory T. Benefiel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM: Shane Dakota Lee appeals from the district court's order correcting an illegal sentence. Specifically, Lee challenges the jurisdiction of the district court to amend the postrelease portion of his sentence from 24 months to lifetime supervision. On appeal, he argues that the district court did not have jurisdiction because the State had discharged him from postrelease supervision prior to the hearing on the motion. As the Kansas Supreme Court has held, a district court is without jurisdiction to correct an illegal sentence once the defendant has served his or her sentence. Thus, we vacate the district court's order amending Lee's sentence.

1

FACTS

On December 12, 2011, Lee entered a no contest plea to the charge of aggravated indecent solicitation of a child. Following a mental examination, the district court placed Lee on probation for 60 months—with an underlying sentence of 130 months of prison time—and 24 months of postrelease supervision. The State later filed a motion to revoke Lee's probation. At a revocation hearing held on December 7, 2012, the district court revoked Lee's probation and entered a modified sentence of 60 months of prison time to be followed by 24 months of postrelease supervision.

On March 8, 2013, the State filed a motion for hearing to settle journal entry, in which it asked the district court to correct the postrelease supervision from 24 months to lifetime under K.S.A. 2011 Supp. 22-3717(d)(1)(G). For reasons not immediately clear in the record, a hearing on the motion was not held until October 13, 2017. By that time, Lee had served his prison time, been released from postrelease supervision, and been civilly committed to Larned State Hospital as a sexually violent predator. Nevertheless, the district court granted the State's motion and ordered Lee to serve lifetime postrelease supervision. Thereafter, Lee timely filed a notice of appeal.

ANALYSIS

On appeal, Lee contends that the district court erred because he had already completed his entire sentence by the time the district court issued the order amending the length of his postrelease supervision. As the Kansas Supreme Court recently held, "[w]hen a person completes his or her original criminal sentence—even if an illegal sentence—without a court order that superseded the judgment of the original sentencing judge, that person is deemed to be discharged from custody and no longer subject to the jurisdiction of the criminal justice system." *State v. Lehman*, 308 Kan. 1089, Syl. ¶ 5, 427

P.3d 840 (2018). Even so, the State argues that we should not apply *Lehman* because Lee failed to raise this issue before the district court.

Generally, issues not raised before a district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But there are several exceptions to the general rule under which a legal issue may be considered for the first time on appeal. These exceptions include:  (1) the newly asserted issue involves only a question of law that is finally determinative of the case; (2) consideration of the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

In response to the State's argument, Lee argues that addressing whether the district court had jurisdiction to impose additional postrelease supervision after he had already completed his entire sentence involves the fundamental right against double jeopardy. Moreover, whether a court has jurisdiction is a question of law. *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016). Thus, we find that the ends of justice would be served by addressing the jurisdictional issue presented on the merits.

Like this case, the State filed a motion to correct illegal sentence in *Lehman* prior to the defendant completing his postrelease supervision. Also similar to this case, the district court in *Lehman* did not grant the State's motion until after the defendant had completed his original sentence. Under these circumstances, the Kansas Supreme Court held that the district court no longer had jurisdiction to amend the criminal sentence and that "[a]ny additional sentence imposed on [the defendant] for the same offense after completing the original sentence constitutes a multiple punishment proscribed by the double jeopardy provisions of our federal and state constitutions." 308 Kan. at 1099.

We recognize that neither the district court nor the parties had the benefit of the Kansas Supreme Court's decision in *Lehman* when the order amending Lee's postrelease supervision was entered. Regardless, we find it to be controlling on the jurisdictional issue presented in this appeal. Accordingly, we conclude that once Lee fully completed his sentence—including postrelease supervision—he was no longer subject to the jurisdiction of the district court in this criminal case. Given our decision, we need not consider the other arguments set forth in the briefs.

The district court's order modifying the length of Lee's postrelease supervision is vacated.