No. 120,099

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VAL GENE WILLIAMS,
*Appellant*.

SYLLABUS BY THE COURT

1.

A criminal defendant's right to a jury trial is guaranteed by the United States and Kansas Constitutions and by statute.

2.

Kansas appellate courts will consider a challenge to the waiver of a right to a jury trial for the first time on appeal to prevent the denial of a fundamental right.

3.

When the facts of a jury trial waiver are not disputed, whether a defendant voluntarily and knowingly waived the jury trial right is a legal question subject to unlimited appellate review.

4.

A jury trial may be waived if it is done so voluntarily and knowingly, and the waiver is to be strictly construed to afford a defendant every possible opportunity to receive a fair and impartial trial by jury.

1

5.

A waiver of the right to a jury trial will not be presumed from a silent record. A court will not accept a jury trial waiver unless the defendant, after being advised by the court of his or her right to a jury trial, personally waives that right, either in writing or in open court.

6.

It is the district court's responsibility to advise a defendant of the nature and extent of the right to a jury trial. The responsibility to inform the defendant of his or her jury trial right rests squarely with the presiding judge. The advisement of the jury trial right must come from the court itself. A district court's failure to comply with the requirement to advise a defendant of his or her right to a jury trial on the record requires reversal and remand.

Appeal from Graham District Court; PRESTON PRATT, judge. Opinion filed October 4, 2019. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Jill A. Elliott*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., LEBEN, J., and WALKER, S.J.

HILL, J.: There is no more fundamental right in America than the right to a jury trial. That right may be waived if it is done so voluntarily and knowingly. In this appeal, Val Williams was convicted of two felony crimes based merely on fact stipulations in a diversion agreement. Nothing in the record reveals that Williams ever waived his right to a jury trial. Because there can be no implicit waiver of a jury trial, we reverse Williams' convictions and remand with directions.

2

*His charges were diverted.*

Williams made a 12-month deferred prosecution diversion agreement with the State. If Williams paid the costs and fees and abided by other conditions set out in the agreement, the State promised to dismiss the charges with prejudice. By complying with the agreement, he would avoid two felony charges of criminal threat and a misdemeanor charge for disorderly conduct.

One of the conditions of this agreement required him to pay $490 for costs and fees within one year. After Williams had made no payments for about 11 months, the State moved to rescind the agreement. The court granted the State's motion and, at the same hearing, immediately found Williams guilty as charged based on the fact stipulations in the diversion agreement. The court sentenced Williams to a prison term for the criminal threat charges and a jail sentence for the misdemeanor offense.

*Some details provide a factual context for our ruling.*

The agreement Williams signed waived "any rights that he may have to a speedy trial under Kansas or federal law." The agreement specified that if Williams failed to make his payments towards costs and fees, such a failure was grounds for the State to terminate the diversion agreement and require him "to appear for trial on the above charge[s]." Williams also agreed that if he violated the agreement and the criminal proceedings were resumed, those proceedings would be conducted based on stipulated facts he agreed to as part of the diversion.

Citing K.S.A. 22-2911, the State moved to rescind the diversion agreement. The State alleged Williams had made no payments as specified in the diversion agreement and asked to rescind the agreement and resume criminal prosecution.

The district court heard evidence on the State's motion to rescind the agreement. Williams' attorney reminded the court of Williams' fixed income and suggested "the potential of asking the Court to waive attorney's fees." The district court summarized the diversion agreement and the provision about Williams' agreement to pay costs and fees to avoid prosecution on the charges. Williams showed he understood and admitted several times that he did not make any payments. He informed the district court that he did not believe he was responsible and he should not have been charged in the first place. Williams did not claim he failed to make payments because he was financially unable.

The district court found Williams' admissions were sufficient evidence to prove that he had violated the diversion agreement for failure to pay as he agreed. The court proceeded immediately to a "trial on the stipulated facts." Williams' counsel objected and requested a trial "based on any evidence he would like to present as well." The court denied Williams' request. Based on the stipulations in the agreement, the district court found Williams was guilty of the crimes charged and scheduled his sentencing hearing. Following his convictions, Williams engaged the court in a discussion about his diversion agreement. Williams claimed he was charged with the crimes but was not convicted. The district court responded, "Well, you were convicted today. There wasn't a trial, I agree with you."

At sentencing, Williams' counsel told the court that except for certain attorney fees, all of Williams' costs and fees had been paid. His counsel again noted Williams' low income and asked the court to set aside the convictions and reinstate the diversion agreement.

The district court denied Williams' request to set aside his convictions and reinstate the diversion. The court then sentenced Williams to concurrent prison and jail sentences of eight months suspended with 12 months' probation.

4

Because of Williams' admitted lack of payments, the court's revocation of his diversion agreement is not erroneous. But there is error here. There is no waiver of Williams' right to a jury trial in the record on appeal.

*We must overturn Williams' convictions because he did not waive his right to a jury trial.*

Williams contends that the district court failed to personally address him on the record about his right to a jury trial before immediately conducting a bench trial on the stipulated facts in the rescinded diversion agreement. He argues his convictions violate his United States Constitution Sixth Amendment right to a jury trial and should be reversed. The State does not address this issue in its brief.

Williams concedes that he did not bring up a jury trial waiver to the district court. Generally, even constitutional issues asserted for the first time on appeal are not properly before this court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Again, an exception to this general rule is where consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Our appellate courts have considered a challenge to the waiver of a right to a jury trial for the first time on appeal to prevent the denial of a fundamental right. *State v. Frye*, 294 Kan. 364, 370-71, 277 P.3d 1091 (2012). "'[W]hether the court has advised a defendant of his or her right to a jury trial . . . should be one of the last to be denied the opportunity for exceptional treatment' [citation omitted]" under the preservation rules. *State v. Rizo*, 304 Kan. 974, 979, 377 P.3d 419 (2016). Following that stern admonition by our Supreme Court, we will review the issue even though Williams did not bring it up to the district court. By doing so, we prevent the denial of his fundamental rights.

Whether a defendant waived the right to a jury trial is usually a question of fact and is subject to analysis under a substantial competent evidence standard of review. But

5

when the facts of the district court's determination to accept a jury trial waiver are not disputed, whether the defendant voluntarily and knowingly waived the jury trial right is a legal question subject to unlimited appellate review. *Rizo*, 304 Kan. at 979. Here, the State's failure to address this issue in its appellee brief and the record on appeal which is silent on the issue show to us that the facts on a jury trial waiver are not in dispute and this court's review is thus unlimited.

We are dealing with a fundamental right here. A criminal defendant's right to a jury trial is guaranteed by the United States and Kansas Constitutions and by statute. U.S. Const. amend. VI; Kan. Const. Bill of Rights, §§ 5, 10. "There is no more fundamental right in the United States than the right to a jury trial." *State v. Larraco*, 32 Kan. App. 2d 996, 999, 93 P.3d 725 (2004). This constitutional right is codified in K.S.A. 22-3403(1), which requires that all felony cases be tried to a jury unless the defendant and prosecuting attorney, with the consent of the court, submit the matter to a bench trial.

While it is true that this right to a jury trial may be waived if it is done so voluntarily and knowingly, the waiver is to be "strictly construed to afford a defendant every possible opportunity to receive a fair and impartial trial by jury." *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975). Determining whether this opportunity has been preserved will depend on the particular facts and circumstances of the case. But "a waiver of the right to a jury trial will not be presumed from a silent record." 216 Kan. at 589. A court will not accept a jury trial waiver unless the defendant, after being advised by the court of his or her right to a jury trial, personally waives that right, either in writing or in open court. 216 Kan. at 590. Said another way, an appellate court will not infer an implicit waiver of the right to a jury trial from a silent record on appeal.

Here, we find no written waiver by the defendant and the record is silent on whether Williams waived his right to a jury trial. The transcripts show that the district court did not address Williams' right to a jury trial with him at the diversion revocation

6

hearing before convicting him on stipulated facts at that same hearing. Our review of the diversion agreement reveals that as a condition of the agreement, Williams only waived his right to a *speedy* trial. The agreement does not address his right to a jury trial.

It is the district court's responsibility to advise a defendant of the nature and extent of the right to a jury trial. *Frye*, 294 Kan. at 370-71. The responsibility to inform the defendant of his or her jury trial right rests "squarely with the presiding judge." 294 Kan. at 371. The advisement of the jury trial right must come from the court itself. *State v. Bowers*, 42 Kan. App. 2d 739, 741, 216 P.3d 715 (2009). A district court's failure to comply with the requirement to advise a defendant of his or her right to a jury trial on the record requires reversal and remand. *Frye*, 294 Kan. at 374.

Here, the record does not show that the district court ever advised Williams about his right to a jury trial. As a result, Williams' convictions must be reversed. We remand to the district court to either afford Williams his constitutional right to a trial by jury based on stipulated facts or to allow him to execute a valid waiver of a jury trial.

Reversed and remanded with directions.