NOT DESIGNATED FOR PUBLICATION

Nos. 129,364
129,365

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY D. BALLARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Cody D. Ballard appeals the district court's probation revocation in case number 24CR1061. Ballard also uses the opportunity to challenge the district court's denial of the departure motion at sentencing in different cases. In lieu of filing a brief in support of this appeal, Ballard moved this court for summary disposition under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not oppose the motion, and this court granted the same.

Ballard fails to show the district court abused its discretion in revoking the probation. Further, this court lacks appellate jurisdiction to review the district court's denial of Ballard's departure motion because the district court sentenced Ballard to a

1

presumptive sentence. Accordingly, the district court is affirmed in part, and this appeal is dismissed in part.

FACTUAL AND PROCEDURAL BACKGROUND

Ballard pleaded guilty to one count of felony burglary and one count of misdemeanor theft in case 24CR1061—the case in which Ballard currently appeals from the revocation of the probation. On August 6, 2024, the district court sentenced Ballard to 8 months in prison with 12 months of postrelease supervision for the burglary conviction and 6 months in jail for the theft conviction, to be served concurrently. Rather than impose the sentence as ordered, the district court granted Ballard's departure motion and instead imposed a 12-month term of probation.

Shortly thereafter, on September 13, 2024, the district court found Ballard violated the probation terms and conditions. In response to that violation, the district court extended Ballard's probation for a term of 12 months and ordered a 2-day quick dip jail sanction. Ballard subsequently had some success on probation.

However, on March 21, 2025, Ballard entered a plea agreement concerning three new consolidated criminal cases, which included 18 total counts against Ballard. Once again, Ballard moved for a departure sentence in these new cases. The district court then held a combined sentencing hearing for those cases with the probation revocation hearing for Ballard's already sentenced case.

Ballard's attorney sought a departure sentence, essentially requesting that the court give Ballard the opportunity to seek substance use treatment, citing it as the cause for Ballard's criminal activity. The court denied the departure and sentenced Ballard consistent with the plea agreement, ordering Ballard to serve 84 months in prison, to be served consecutive to the other case, followed by 36 months of postrelease supervision.

2

The district court then took up the State's probation revocation motion for case 24CR1061, finding Ballard again violated the probation by committing the new crimes, which were the subject of sentencing earlier in the hearing. The court revoked Ballard's probation in 24CR1061 and imposed the underlying sentence. The order noted that Ballard had 280 days of credit for time served.

Ballard appeals.

DISCUSSION

Ballard argues the district court erred by denying his departure motion in the three consolidated cases because it acted unreasonably in not granting him probation to seek substance use treatment. He also argues the district court abused its discretion by revoking his probation in 24CR1061.

As Ballard concedes, generally appellate review is prohibited when the defendant receives a presumptive sentence under the Kansas Sentencing Guidelines. See K.S.A. 21-6820(c)(1); *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016) (finding no authority to review denial of departure from an on-grid sentence). Ballard makes no allegations that the district court erred in its application of the law or understanding of the law regarding the disposition motion and thus asserts no claim permitting review of this presumptive sentence. See *State v. Warren*, 297 Kan. 881, 882-85, 304 P.3d 1288 (2013) (acknowledging exceptions to rule prohibiting appeals from presumptive sentence when district court misunderstands its authority). Therefore, this court lacks jurisdiction to review the district court's denial of Ballard's departure motion in his consolidated cases.

Ballard next challenges the district court's revocation of his probation in 24CR1061, although he does not dispute the court's finding that he violated his probation. After the district court finds a defendant has violated their probation, when no intermediate sanctions are required as is the case here, the court may revoke the probation

3

and impose the underlying or other appropriate sentence. See K.S.A. 22-3716(c)(7)(B); *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Such a decision is discretionary, meaning it will be upheld on appeal unless the district court's decision is an abuse of that discretion. A district court abuses its discretion when its decision is based on an error of law or fact or is arbitrary, fanciful, or unreasonable. Ballard bears the burden of showing the district court abused its discretion. 315 Kan. at 328.

Ballard does not contend the district court made an error of law or fact in its revocation decision, and this court finds none. Ballard "readily acknowledges that the district court possessed the legal ability and sound discretion to revoke his probation for any sensible reason, including the reasons it gave in this case." Nevertheless, Ballard contends the court acted unreasonably in revoking his probation because "his addiction would be better treated outside of prison." This court cannot say the district court's decision was arbitrary, fanciful, or unreasonable when Ballard's probation was granted through a disposition motion, Ballard had previously violated his probation and received a jail sanction, and Ballard was convicted of committing multiple new criminal offenses while on probation. Although Ballard may suffer from a substance use condition impacting his criminal activity, it was not an abuse of discretion for the district court to determine there was no evidence that additional probation opportunities would enable Ballard to overcome that substance use. The district court's decision to revoke Ballard's probation conformed with the law and facts and this court cannot say that no reasonable person would agree with the district court's decision.

CONCLUSION

As Ballard acknowledges, this court lacks appellate authority to review the district court's denial of his departure motion and sentence within the presumptive range in his consolidated cases. Additionally, this court finds no abuse of discretion in the district court's decision to revoke Ballard's probation in 24CR1061.

4

Affirmed in part and dismissed in part.