NOT DESIGNATED FOR PUBLICATION

No. 118,929

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

Isaac James Allen,
*Appellant*,

v.

State of Kansas,
*Appellee.*

MEMORANDUM OPINION

Appeal from Crawford District Court; Lori Bolton Fleming, judge. Opinion filed May 17, 2019. Affirmed.

*Jason P. Wiske*, of Law Office of Jason P. Wiske, L.L.C., of Pittsburg, for appellant.

*Michael Gayoso Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before Green, P.J., Schroeder, J., and Stutzman, S.J.

Per Curiam: Isaac James Allen appeals the summary denial of his second K.S.A. 60-1507 motion. Allen's motion was founded on the claim that he had been denied his right to trial by a jury because of the failure of the district court to advise of that right and the failure of his counsel to protect that right. The district court found the record clearly and completely refuted Allen's claim. We agree and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

In 2004, Allen was charged with aggravated kidnapping, aggravated battery, aggravated burglary, criminal threat, and criminal damage to property. His trial was originally scheduled for February 2005. The district court ordered a competency evaluation of Allen, and in May 2005—after receiving the results of that evaluation—found him competent to stand trial.

On June 29, 2005, one day before Allen's jury trial was scheduled to begin, Allen's trial attorney filed a motion, signed by Allen, to allow Allen to waive his right to a jury trial. That same day, the district court convened a hearing on the motion. Allen was present at this hearing with his trial attorney. The district court addressed Allen and his attorney, Edward Battitori:

> "THE COURT:  You are desiring to waive jury trial which is set to commence tomorrow?
> "MR. BATTITORI:  Yeah, and I would ask that the Court just commence with the bench trial.
> "THE COURT: *Mr. Allen, is this, in fact, how you desire to proceed*?
> "[ALLEN]:  *Yes, sir.*
> . . . .
> "THE COURT:  All right. Again, *do you desire to proceed to a trial to the bench, to the Court, rather than a jury trial*?
> "[ALLEN]:  *Yes, sir.*
> "THE COURT:  And *are you making this decision* to proceed with a trial to the Court, rather than a jury, freely and voluntarily?
> "[ALLEN]:  *Yeah. With the suggestions of my attorney also*. Like, according to, you know, what he's told me or what not, I guess.
> "THE COURT:  I was going to ask you if you had sufficient time to discuss *your decision to waive jury trial* with Mr. Battitori?
> "[ALLEN]: *Yeah, I did. I discussed it with him and agreed* with the findings or whatever.

2

"THE COURT:  And so based upon your discussions with Mr. Battitori, *you are now before the Court choosing to waive your right to jury trial; is that correct*?

"[ALLEN]:  *Yes, sir*.

"THE COURT:  And, again, are you doing this, *are you waiving your right to a jury trial freely and voluntarily*?

"[ALLEN]:  With the—*yes, but with the agreeance of my lawyer*, I guess, *so it is on my own opinion*, I guess.

"MR. BATTITORI:  Yes or no.

"[ALLEN]:  Okay, yes, I guess.

"THE COURT:  The clerk advises that she's having trouble understanding or picking up your responses. If you would please respond as clearly, as distinctly as possible.

"[ALLEN]:  *Yes, I do, yes, sir*.

"THE COURT:  Okay. Again, I want to make sure the record is absolutely picking you up. *Are you waiving your right to a jury trial freely and voluntarily*?

"ALLEN:  *Yes, yes, sir*.

"THE COURT:  And have you had sufficient time to discuss the matter with your attorney?

"[ALLEN]:  Yes, sir.

"THE COURT:  Now, *you do understand you've got a constitutional right to a jury trial, however, you are giving up that constitutional right to jury trial today; do you understand that*?

"[ALLEN]:  *Yeah, I understand that*.

"THE COURT:  Now, if you were to proceed to a jury trial, before you could be convicted of any of the counts that you are charged with, the State would have to show each of the 12 jurors that you committed that charge beyond a reasonable doubt. In other words, the State would have to convince 12 people beyond a reasonable doubt of that before you could be convicted of a given charge; do you understand that?

"[ALLEN]:  Yes, sir.

"THE COURT:  Now, *if the trial is to the Court, to the Judge, without a jury, then the State has to convince one person*, that being the Judge, of course.

"[ALLEN]:  *Right*.

"THE COURT:  That you are guilty beyond a reasonable doubt; *do you understand that*?

3

"[ALLEN]:  *Yes, I do*.

"THE COURT:  So, by going to jury trial the State has to convince all 12 members of the jury that you are guilty beyond a reasonable doubt before you could be convicted of a given charge. When you try the charge to the Judge, the State only has to convict one—or convince one person beyond a reasonable doubt before you can be convicted. *Do you understand that distinction*?

"[ALLEN]:  *Yes, yes*.

"THE COURT:  *So knowing that, do you still desire to waive your right to jury trial*?

"[ALLEN]:  *Yes, sir*.

"THE COURT:  Have you understood everything I've asked of you at this time?

"[ALLEN]:  Yes, sir.

"THE COURT:  Regarding any of my—the terminology that I've used today, *do you feel that you fully understood what we have said*?

"[ALLEN]:  *Yes*.

"THE COURT:  Regarding *your waiver of your right to jury trial*, *do you have any questions* of myself at this time or of your attorney?

"[ALLEN]:  *No*.

"THE COURT:  And, again, are you doing this today, that is *are you waiving your right to jury trial freely and voluntarily*?

"[ALLEN]:  *Yes, sir*.

"THE COURT:  [And] you understand that you are scheduled to commence jury trial tomorrow but *if you waive your right to jury trial, the trial tomorrow would be conducted solely to the Court*, solely to the Judge?

"[ALLEN]:  *Okay, I agree, yes*.

"THE COURT:  And, again, are you doing this, and *I want to make sure, are you doing this freely, voluntarily and knowingly*?

"[ALLEN]:  *Yes*.

"THE COURT:  Okay. *Are you taking any medications at this time*?

"[ALLEN]:  No.

"THE COURT:  *That would prevent you from understanding what you are doing today or what I am asking of you today*?

"[ALLEN]:  *No*.

"THE COURT:  Okay.

4

"[ALLEN]: I am on an anti-depressant but *it doesn't affect my thoughts* or what not.

"THE COURT: *It does not affect your ability to clearly and rationally make decisions; is that correct*?

"[ALLEN]: *That's correct*.

"THE COURT: Okay. Mr. Battitori, any comments on the defendant's waiver?

"MR. BATTITORI: No. Just that I concur, Your Honor, and *we've had ample opportunity to discuss this over a period of time. He's thought on it*, he's—*I think he fully understands* and I've explained to him that the function of—the purpose of the jury being the fact finder and the Court being the finder of law and the jury being the finder of fact and that if he waives that, you are in fact, both. You are the factfinder and decide on the issues of law.

"So he understands and *I feel he fully understands what he's doing and I concur with the waiver*.

"THE COURT: Thank you. Mr. Allen, do you understand what Mr. Battitori's comments to the Court were about?

"[ALLEN]: *Yeah, I agree with it*." (Emphases added.)

The district court then found that Allen knowingly and voluntarily waived his right to a jury trial and granted his motion to proceed with a bench trial.

Following the bench trial in June 2005, Allen was convicted of aggravated kidnapping, aggravated burglary, criminal threat, and criminal damage to property. He was sentenced to a controlling prison term of 554 months. Allen directly appealed his convictions, raising issues about his due process rights pertaining to an affirmative defense of mental disease or defect, and two constitutional challenges regarding the calculation of his sentence. Allen's convictions were affirmed by summary disposition on August 10, 2006. Allen filed a petition for review with the Kansas Supreme Court, which that court denied in December 2006. Then, in March 2007, he filed a petition for a writ of certiorari with the United States Supreme Court, which also was denied on May 21, 2007.

Just under a year after the denial of his petition for a writ of certiorari, on May 15, 2008, Allen filed a motion for relief under K.S.A. 60-1507. He raised issues pertaining to ineffective assistance of counsel regarding both his trial and appellate attorneys. The district court summarily denied his motion and Allen appealed. In October 2010, another panel of this court affirmed the district court's summary denial. *Allen v. State*, No. 102,555, 2010 WL 3984823, * 1 (Kan. App.) (unpublished opinion), *rev. denied* 291 Kan. 911 (2010).

On January 9, 2017, Allen filed a second motion under K.S.A. 60-1507. In this motion, Allen claimed he was denied his right to a jury trial and, based on this "newly discovered evidence," he also alleged ineffective assistance of trial counsel for failing to protect his right to a jury trial and of appellate counsel for failing to inform him of the constitutional violation pertaining to his jury trial waiver. Allen claimed the district court did not inform him of his right to a jury trial and he did not waive the right in open court. He sought an order vacating his convictions and remanding his case for a new trial to correct manifest injustice. Allen asserted that he failed to raise the issue earlier because his attorneys never informed him of the ineffective waiver, he had a previous finding of incompetency, he was unschooled in the law, and he filed his first 60-1507 motion in a "short period of time." Allen claimed that his trial attorney failed to seek a hearing on the motion to waive his right to a jury trial, and his appellate counsel failed to recognize the invalid waiver. He stated that if his claim were true, it could establish a constitutional violation.

Shortly after Allen's filing, the State filed a motion to summarily dismiss Allen's 60-1507 motion on the basis it was both successive and untimely. The district court appointed counsel to represent Allen on his motion, but Allen nevertheless filed a pro se response to the State's motion to dismiss in which he argued there were exceptional circumstances to warrant a hearing his motion and these specific claims were not previously addressed in his 2008 motion. He claimed that because no effective waiver

6

could be found, this was new evidence of a denial of his fundamental right to a jury trial, which raised new issues of ineffective assistance of counsel. Allen further maintained he did not have to prove unusual events or exceptional circumstances because the claim of ineffective assistance of counsel for "failing to object to the illegal bench trial and failing to seek a pretrial hearing on [his] waiver of jury trial" was sufficient and that "error is a structural error and not a mere error of the Court" because the district court failed to advise him of his right to a jury trial. Allen acknowledged that his motion was untimely but claimed that he had "proof of a violation of a fundamental right," so his late motion should be considered to prevent manifest injustice.

Approximately eight months later, Allen filed a motion to amend his 60-1507 motion. He claimed that to avoid a future successive 60-1507 motion, the district court should grant him leave to amend this 2017 motion to include a claim of ineffective assistance of counsel pertaining to the attorney that represented him in his 60-1507 proceedings in 2008. Before the district court ruled on the motion to amend, Allen filed an amended motion, in which he alleged his 2008 motion attorney was ineffective for failing to protect his Sixth Amendment right to a jury trial. He claimed that attorney was ineffective because she did not attempt to amend his 2008 pro se 60-1507 motion to include the issue of his ineffective jury trial waiver. Allen also alleged his 2008 motion attorney failed to review the record and bring to the district court's attention that his jury trial waiver was invalid.

On September 25, 2017, the district court heard arguments on the State's motion to dismiss, as well as Allen's motion to amend his 60-1507 motion. Because of an e-filing error, the State had not received notice of Allen's motion to amend, and requested time to respond. Allen did not object and requested additional time to reply to the State's memorandum on the issue. The district court set deadlines for the parties to provide their submissions one week apart and said it would then advise whether additional oral argument would assist the court. The district court stated that it would consider Allen's

7

motion to amend at the same time it considered the State's motion to dismiss. "I will also know by that point whether or not the State's motion to dismiss is going to be granted, and it may make the amendment moot."

On October 10, 2017, the State filed its response to Allen's motion to amend. It argued that the motion to amend was untimely and should not revert back to the "original claim" because it alleged a new claim–pertaining to his 2008 motion attorney—not previously addressed in Allen's motion.

Eight days later, the State filed an amended motion to dismiss Allen's 2017 motion. The State indicated it located the district court's hearing notes from Allen's jury trial waiver hearing and the record showed Allen had freely and voluntarily waived his right to a jury trial. The State quoted extensively from the transcript of Allen's June 2005 waiver hearing and argued Allen's 60-1507 motion was without foundation in fact and, therefore, his ineffective assistance of counsel claims were also without support.

The next day, October 19, 2017, the district court summarily denied Allen's 2017 motion for relief under K.S.A. 60-1507. In arriving at the decision, the district court specifically considered both Allen's January 2017 motion and his September 2017 proposed amended motion "to ensure Petitioner receives due process in this matter." The district court found that "the entire basis" for Allen's allegations was his claim that he was denied his constitutional right to a jury trial because the court "failed to advise [him] of his fundamental right to a jury trial on the record, prior to conducting a bench trial in the underlying criminal case." Based on the record, the district court found it was "absolutely clear that the Court appropriately and personally advised [Allen] of his right to a jury trial, and that [Allen] freely, knowingly, and voluntarily waived his right to a jury trial, on the record, in open court, on [June 29], 2005." The district court found that Allen was not entitled to an evidentiary hearing on his motion, "as the transcript speaks for itself."

8

Approximately four weeks later, Allen filed a motion to reconsider and, again, to amend his January 2017 K.S.A. 60-1507 motion. Allen argued that at the September 2017 hearing, the parties were granted additional time to file memoranda or other pleadings, but he was not given an opportunity to respond to the State's amended motion to dismiss before the district court granted it. Allen also argued that he had been found competent to stand trial only six weeks prior to his jury trial waiver hearing and did not understand the nature of the proceeding and his waiver was ambiguous. He attached an affidavit where he described a conversation with his trial attorney prior to waiving his jury trial right, and he claimed that he was only agreeing with what he believed his attorney had already done, i.e., agreeing that his attorney had waived his right to a jury trial. Allen asked the district court to reconsider its denial of his 60-1507 motion and also give him leave to amend his pleading to "set forth arguments and authorities that [he] did not knowingly waive his right to a jury trial."

The same day, November 13, 2017, the State filed a response. The State argued that Allen's request for reconsideration and leave to amend should be denied because the new and different claim that he did not knowingly waive his right to a jury trial was untimely and did not revert back to the original filing. The State argued that even if the motion to amend were granted, the 2017 motion was likewise untimely. The State noted that Allen failed to provide reasons why he did not raise this issue in his 2008 motion. Ultimately, the State argued, the proposed new issue amounted to yet another successive K.S.A. 60-1507 motion.

Later that month, the district court heard arguments on Allen's motion to reconsider and amend. Allen claimed he did not remember the hearing where he waived his right to a jury trial. He also argued his waiver was ambiguous. The district court noted that if Allen did not recall the hearing, then the only evidence of his jury trial waiver was the transcript. Allen's counsel said the evidence he would present would be two-fold:  the transcript; and any information regarding whether Allen was on medication at the time of

his jury trial waiver hearing. The district court took the motion under advisement and said it would issue a written decision.

On January 3, 2018, the district court denied Allen's motion to reconsider and amend. Addressing all of the issues raised in the motion, the district court found that Allen had several weeks after the September 2017 hearing to make additional filings in support of his January 2017 K.S.A. 60-1507 motion and subsequent motion to amend, but he did not. The district court found that in light of the record and the State's amended motion to dismiss, additional time would not have impacted the court's ultimate decision. It concluded that Allen's waiver of jury trial was not ambiguous as the trial court "went above and beyond with its inquiries" of Allen and Allen's responses were clear, and that Allen's competency argument was without merit. The district court also concluded that Allen's proposed amendment on "entirely new grounds" was untimely and did not relate back and the proposed new grounds were substantively a new K.S.A. 60-1507 motion, which was untimely and successive. The district court also found Allen provided no reasons why he did not raise the issue in his 2008 motion.

Allen timely appeals.

ANALYSIS

*Standard of review*

When the district court summarily denies a K.S.A. 60-1507 motion, as in this case, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law

10

or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228) (preponderance burden). Here, Allen claims that the denial or infringement of his constitutional right to a jury trial entitles him to relief.

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "second" or "successive" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]; see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 [2015]). Allen suggests that the evidentiary basis to support his contentions that he was denied his constitutional right to a jury trial and that his various attorneys were deficient is evident in the record, namely, his affidavit that he does not recall his waiver hearing but recalls simply agreeing with his trial attorney, and his contention that the transcript of the hearing demonstrates his waiver was ambiguous.

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2016 Supp. 60-1507(a), (f)(1). This one-year time limitation for bringing an action may be extended by the district court only to prevent a manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2).

The definition of manifest injustice changed with the 2016 amendment to K.S.A. 60-1507. Previously, under *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), manifest injustice was to be determined under a review of all the circumstances, with a nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or

11

circumstances that prevented him or her from filing the 60-1507 motion within the one-year time limitation; (2) the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. Allen's claim for review might have only come within the scope of the second factor. When K.S.A. 60-1507(f) was amended, however, the Kansas Legislature removed the second factor from consideration and limited review to only the first and third *Vontress* factors. See L. 2016, ch. 58 § 2, effective July 1, 2016; *White*, 308 Kan. at 503. Because Allen's second 60-1507 motion was filed on January 9, 2017, after the effective date of the 2016 amendment to K.S.A. 60-1507, the second *Vontress* factor does not apply and, therefore, Allen's argument fails.

The district court also is not required to entertain a second or successive 60-1507 motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2; see Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 230), which provides:

> "A sentencing court may not consider second or successive motion for relief by the same movant when:
> (1) the ground for relief was determined adversely to the movant on a prior motion;
> (2) the prior determination was on the merits; and
> (3) justice would not be served by reaching the merits on the subsequent motion."

Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 229) provides:

12

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

"Exceptional circumstances" have been defined to include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.'" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). In this case, Allen argues that his various attorneys were deficient because they did not protect his right to a jury trial. He suggests these are unusual events that excuse his failure to raise the issues regarding his jury trial waiver in an earlier proceeding.

At the root of Allen's claims is his assertion that he was denied his right to a jury trial.

"'Whether a defendant waived the right to a jury trial is a factual question, subject to analysis under a substantial competent evidence standard of review. But when the facts of the district court's determination to accept a jury trial waiver are not disputed, the question whether the defendant voluntarily and knowingly waived the jury trial right is a legal inquiry subject to unlimited appellate review.' [Citation omitted.]" *State v. Rizo*, 304 Kan. 974, 979, 377 P.3d 419 (2016).

"'[W]hether the court has advised a defendant of his or her right to a jury trial . . . should be one of the last to be denied the opportunity for exceptional treatment'" under the preservation rules. *Rizo*, 304 Kan. at 979. A defendant's waiver of the fundamental right to a jury trial is "'strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury.'" 304 Kan. at 980. The district court cannot

13

accept a jury trial waiver "'unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to a trial by jury, either in writing or in open court for the record.'" 304 Kan. at 980.

*Discussion*

Allen contends the district court erred when it failed to recognize either manifest injustice for his untimely filing or exceptional circumstances to support a successive motion. Allen argues he made a sufficient showing of "both manifest injustice and exceptional circumstances to warrant an evidentiary hearing in regard to whether [he] made a sufficient waiver of his right to jury trial." The State contends the district court was correct because Allen failed to allege any circumstances that prevented him from asserting his jury trial waiver claim prior to the one-year statutory time limitation and Allen presents no manifest injustice to support extending the time limit.

In his January 2017 motion, Allen claimed the trial court did not inform him of his constitutional right to a jury trial and he did not waive the right in open court. When he was presented with the trial judge's handwritten notes and the transcript of the proceeding, he claimed he did not remember the proceeding and did not knowingly waive his right to a jury trial. He also claimed that he recalled a conversation he had with his trial attorney about the waiver prior to the hearing, but at the hearing then merely informed the trial court that he was aware of the jury trial waiver to which his attorney had already agreed. The record does not support Allen's contentions.

In his brief, Allen cites to two places where in response to the trial court's questions he referenced the conversation with his defense attorney, and he claims that "some of [his] answers" did not clearly show his waiver was knowingly and voluntarily given. To illustrate, Allen emphasizes three times in two of his answers at the beginning of the colloquy with the trial court where he used the phrase, "I guess."

14

In this case, much more is required to outline Allen's claims and the legal standards for analyzing them than to apply those standards to the facts. We can do little to improve on the district court's observation in the summary dismissal:

"The entire basis of [Allen's] case is that he claims he was denied his Constitutional right to a jury trial because the Court failed to advise [him] of his fundamental right to a jury trial on the record, prior to conducting a bench trial in the underlying criminal case. . . .

". . . it is absolutely clear that the Court appropriately and personally advised [Allen] of his right to a jury trial, and that [Allen] freely, knowingly, and voluntarily waived his right to a jury trial, on the record, in open court, on July 28, 2005."

In the process of advising Allen of his right to a jury trial, the district court did indeed ask Allen *many* times whether he wanted to give up his right to a jury trial and whether he had discussed that choice sufficiently with his counsel. The court also gave Allen an excellent summary for the layman of the difference between a jury and bench trial: the State either has to convince *twelve* jurors of guilt beyond a reasonable doubt on each charge, or just *one*. Allen affirmed that he understood that distinction and again proclaimed his desire to proceed with a trial to the court. The district court's colloquy with Allen was thorough and careful and leaves no doubt in our minds that Allen freely and knowingly gave up his jury trial right.

All of Allen's claims that are now before us flow from his foundational assertion that he *did not* make an informed and voluntary waiver in open court. Because that foundation assertion is convincingly disproved by the record, Allen's arguments concerning manifest injustice, exceptional circumstances, and ineffective assistance of counsel are wholly without support.

Allen has not met his burden to establish by a preponderance of the evidence that he experienced a denial or infringement of his constitutional right to a jury trial. Allen's

15

2016 K.S.A. 60-1507 motion, files, and records of the subsequent proceedings in this case conclusively establish that he is not entitled to relief.

Affirmed.