IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,534

STATE OF KANSAS,
*Appellee*,

v.

DARRELL LAMONT FARMER,
*Appellant.*

SYLLABUS BY THE COURT

1.

An appellate court lacks jurisdiction to hear an appeal from the district court's denial of a departure motion from a presumptive sentence under the revised Kansas Sentencing Guidelines Act, K.S.A. 2019 Supp. 21-6801 et seq.

2.

A district court lacks discretion to depart from the mandatory life sentence for felony murder.

3.

Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34), requires appellants to explain why an appellate court should hear an issue raised for the first time on appeal, and failure to comply with this rule may result in a finding that the appellant has abandoned the issue.

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Opinion filed February 5, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, was on the brief for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.:  A jury convicted Darrell Lamont Farmer of first-degree felony murder and several other offenses for acts he committed in 2002. The district court sentenced him accordingly. Farmer subsequently filed two motions to correct an illegal sentence. The district court resentenced Farmer in 2018 but denied his motion for a departure sentence. Farmer appeals from his resentencing, arguing the district court erred in denying his departure motion and erred in failing to notify him of his duty to register under the Kansas Offender Registration Act (KORA), K.S.A. 2019 Supp. 22-4901 et seq.

We hold that the district court did not err in denying Farmer's departure motion. We further find that Farmer abandoned his claim regarding proper notice under KORA. Accordingly, we affirm the district court.

FACTS AND PROCEDURAL BACKGROUND

In 2003, a jury convicted Farmer of first-degree felony murder, an off-grid felony; criminal discharge of a firearm at an occupied vehicle, a severity level 3 person felony; aggravated burglary, a severity level 5 person felony; aggravated battery, a severity level 7 person felony; and aggravated assault, a severity level 7 person felony. After finding Farmer's criminal history score to be a B, the district court sentenced him to life in prison without the possibility of parole for 20 years for felony murder and imposed sentences

2

within the appropriate range set forth in the sentencing grid for his other crimes. See K.S.A. 2002 Supp. 21-4711. The district court also ordered his sentences to run consecutive and imposed lifetime postrelease supervision. We affirmed Farmer's convictions and sentence on appeal. See *State v. Farmer*, 285 Kan. 541, 175 P.3d 221 (2008).

Over a decade later, Farmer filed two motions to correct an illegal sentence, arguing his original presentence investigation report (PSI) incorrectly calculated his criminal history score and the district court incorrectly imposed lifetime postrelease supervision. The district court ordered an amended PSI. The amended PSI indicated that Farmer had a criminal history score of D and that he was subject to lifetime parole because of his felony-murder conviction.

The district court ordered resentencing in 2018. Before the resentencing hearing, Farmer moved for a dispositional and/or durational departure. He argued that substantial and compelling reasons existed for a departure because he had been well-behaved and gainfully employed during his time in prison.

The district court denied Farmer's motion at resentencing. The district court commended Farmer's behavior in prison but found his behavior after his original sentencing was not a substantial and compelling reason to grant a departure at resentencing. Finding Farmer's criminal history score to be a D, the district court resentenced Farmer to life imprisonment without the possibility of parole for 20 years for felony murder, 94 months' imprisonment for criminal discharge of a firearm, 32 months' imprisonment for aggravated burglary, 12 months' imprisonment for aggravated battery, and 12 months' imprisonment for aggravated assault. The district court also granted Farmer's request to run all sentences concurrent.

Farmer appeals the denial of his departure motion and the district court's failure to notify him of his duty to register under KORA. We denied Farmer's request for summary disposition.

ANALYSIS

*The District Court Did Not Err by Denying Farmer's Departure Motion*

Farmer argues the district court erred by denying his motion for a departure sentence. Neither Farmer's departure motion nor his appellate brief makes clear whether he was requesting a departure from his off-grid life sentence for felony murder, his on-grid sentences for his other convictions, or both. However, the State argues we lack jurisdiction to hear any challenge to the denial of a motion to depart from an on-grid sentence, which would limit our review to Farmer's life sentence for felony murder only. Furthermore, the State argues the district court lacked discretion to grant Farmer a departure from his felony-murder life sentence.

*Standard of Review*

This court reviews the grant or denial of a departure sentence under an abuse of discretion standard. *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). A judicial action constitutes an abuse of discretion (1) if no reasonable person would adopt the view taken by the trial court; (2) if it is based on an error of law; or (3) if it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Moreover, whether appellate jurisdiction exists is a question of law subject to unlimited review. *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019). We first address the State's argument regarding our jurisdiction, before analyzing the district judge's denial of the departure motion.

4

*Appellate Courts Lack Jurisdiction Over Challenges to a Presumptive Sentence*

The revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., defines the scope of appellate jurisdiction over a defendant's challenge to his or her sentence. K.S.A. 2019 Supp. 21-6820(c)(1) provides that "[o]n appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court *shall not review* . . . [a]ny sentence that is within the presumptive sentence for the crime." (Emphasis added.) The KSGA defines "presumptive sentence" as a sentence within the range set forth in the sentencing grid, factoring in both the severity level for the crime of conviction and the defendant's criminal history score. K.S.A. 2019 Supp. 21-6803(q).

Farmer's sentences for criminal discharge of a firearm, aggravated burglary, aggravated battery, and aggravated assault are derived from the sentencing grid. See K.S.A. 2002 Supp. 21-4704. Because these on-grid sentences meet the statutory definition of a "presumptive sentence," we lack jurisdiction to hear Farmer's sentencing challenge as applied to these sentences. *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016) (appellate courts lack jurisdiction to hear appeal from denial of motion to depart from presumptive sentence).

However, Farmer's life sentence for felony murder is an off-grid sentence and thus does not qualify as a presumptive sentence. K.S.A. 2002 Supp. 21-4706(c) (providing that felony murder is an off-grid crime and imposing life sentence); see also *State v. Ross*, 295 Kan. 1126, 1137, 289 P.3d 76 (2012) (the term "presumptive sentence," as used in the KSGA, does not include life sentences for off-grid crimes). Therefore, the KSGA confers us with jurisdiction to decide whether the district court erred in denying Farmer's request for a departure from his life sentence for felony murder. See *Rizo*, 304 Kan. at 984 (finding appellate court has jurisdiction to hear appeal from denial of departure motion as it relates to defendant's life sentence for felony murder but not as it relates to

defendant's on-grid sentences); *State v. Ortega-Cadelan*, 287 Kan. 157, 163-64, 194 P.3d 1195 (2008) (appellate court has jurisdiction to hear appeal from denial of motion to depart from life sentence under K.S.A. 2006 Supp. 21-4643[a] because life sentence is not a "presumptive sentence").

*The District Court Lacked Discretion to Depart from Farmer's Life Sentence for Felony Murder*

Having established the proper scope and limits of our appellate jurisdiction, we must next examine Farmer's challenge to his life sentence for felony murder. Farmer asserts that the district court erred in denying his departure motion. However, in his brief, he does not explain why the district court's ruling was erroneous. Nevertheless, we agree with the State that the district court did not err because it lacked discretion to depart from a life sentence for felony murder in the first instance.

Farmer was convicted of felony murder under K.S.A. 2002 Supp. 21-3401(b). Accordingly, the district court sentenced him under K.S.A. 2002 Supp. 21-4706(c), which provides that "[v]iolations of K.S.A. 21-3401 . . . are off-grid crimes for the purpose of sentencing . . . [and] *the sentence shall be imprisonment for life*." (Emphasis added.) Our precedent confirms this statute imposes a mandatory life sentence for felony murder. See *State v. Brown*, 300 Kan. 542, 562, 331 P.3d 781 (2014) ("A person convicted of felony murder is subject to a mandatory sentence of life imprisonment. See K.S.A. 21-4706[c]."); *State v. Heath*, 285 Kan. 1018, 1019, 179 P.3d 403 (2008) (holding defendant's 1996 felony-murder conviction subjected him to mandatory life sentence).

And because the Legislature has made a life sentence for felony murder compulsory, district courts lack discretion to grant a departure sentence. See, e.g., *State v. Nguyen*, 304 Kan. 420, Syl. ¶ 2, 372 P.3d 1142 (2016) ("K.S.A. 2015 Supp. 21-6806[c]

[formerly codified as K.S.A. 21-4706(c)] does not give district courts discretion to depart from a life sentence for felony murder.").

Consequently, the district court lacked discretion to grant Farmer's motion and thus did not err in denying it. Admittedly, the district court denied the motion on its merits. All the same, we affirm the district court as right for the wrong reason. See *State v. Ryce*, 303 Kan. 899, 964, 368 P.3d 342 (2016) (appellate court can affirm the district court as right for the wrong reason).

*Farmer Failed to Preserve His Claim of Defective Notice Under KORA*

Farmer also argues the district court erred by failing to notify him of his duty to register as a violent offender under KORA during the resentencing hearing or at another hearing set for such purposes. As the State points out, Farmer raises this issue for the first time on appeal, and he does not explain in his brief why we should consider this issue despite his failure to preserve it.

Even if we were to presume that Farmer's claim of improper notice could implicate due process, "[g]enerally, constitutional claims cannot be raised for the first time on appeal." *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). "Although exceptions to this general rule exist, parties seeking to raise an issue for the first time on appeal must assert the exceptions." *State v. Beltz*, 305 Kan. 773, 776, 388 P.3d 93 (2017); see Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34). Because Farmer has failed to do so in compliance with established precedent and Rule 6.02(a)(5), we deem this issue waived and abandoned for failure to adequately brief it. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (finding defendant abandoned issue because he failed to explain why appellate court should address issue for first time on appeal).

Affirmed.