NOT DESIGNATED FOR PUBLICATION

No. 123,010

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIQUE D. DAILEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed October 22, 2021. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., CLINE, J., and BURGESS, S.J.


PER CURIAM: After pleading guilty to possessing cocaine and driving under the influence (DUI), the trial court denied Dominique D. Dailey's motion for a dispositional departure to probation while granting her alternative motion for a durational departure. This resulted in the trial court imposing a total controlling sentence of 28 months' imprisonment followed by 12 months' postrelease supervision upon Dailey for her convictions. Dailey now appeals, arguing that the trial court abused its discretion when it denied her dispositional departure motion. She further argues that by relying on her criminal history to enhance the severity of her cocaine possession prison sentence without

1

first proving her criminal history to a jury beyond a reasonable doubt, the trial court violated her jury trial right under section 5 of the Kansas Constitution Bill of Rights, her jury trial right under the Sixth Amendment to the United States Constitution, as well as her due process rights under the Fourteenth Amendment to the United States Constitution. Because none of Dailey's arguments are persuasive, however, we affirm Dailey's sentences for her cocaine possession and DUI convictions.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, the State charged Dailey with possessing cocaine—a severity level 5 nonperson felony in violation of K.S.A. 2018 Supp. 21-5706(a), driving under the influence—a class B nonperson misdemeanor in violation of K.S.A. 2018 Supp. 8-1567(a)(2), and possession of a firearm while under the influence—a class A nonperson misdemeanor in violation of K.S.A. 2018 Supp. 21-6332(a). Nearly a year later, in late April 2020, Dailey entered into a plea agreement with the State in which she pleaded guilty to possessing cocaine and DUI in exchange for the State's promise to do the following:  (1) to dismiss her firearm possession while under the influence charge, (2) to recommend that the trial court sentence her to her mitigated presumptive sentence under the revised Kansas Sentencing Guidelines Act (KSGA) for her cocaine possession conviction, (3) to recommend that the trial court sentence her to a concurrent six-month jail sentence for her DUI conviction, and (4) to allow her "to argue for any alternative legal sentence [at sentencing,] which [it would] oppose."

As a result, after she pleaded guilty to possessing cocaine and DUI in accordance with her plea agreement, but before her sentencing hearing, Dailey moved the trial court for a dispositional departure to probation. In her dispositional departure motion, Dailey recognized that under the plain language of her plea agreement, the State would ask the trial court to sentence her to a controlling term of 32 months' imprisonment—her mitigated presumptive sentence for possessing cocaine under the KSGA based on her

2

criminal history score of B. All the same, Dailey argued that the trial court should sentence her to probation instead of prison because she had committed her current crimes of conviction due to her ongoing bipolar disorder and substance abuse issues, which she was willing to seek treatment for within the community. She also argued that the trial court should grant her dispositional departure motion because she had not committed a person felony in over four years and because she had cooperated with law enforcement during its investigation of her current crimes of conviction.

As expected, at the outset of Dailey's June 2020 sentencing hearing, the State asked the trial court to deny Dailey's dispositional departure motion. In making its argument, the State implied that Dailey's criminal history warranted the imposition of a prison sentence. Dailey responded by repeating the arguments in her dispositional departure motion. She then alternatively argued that, at the very least, she had provided the trial court with substantial and compelling reasons to give her a durational departure from the State's requested controlling sentence of 32 months' imprisonment followed by 12 months' postrelease supervision.

In the end, the trial court denied Dailey's dispositional departure motion but granted Dailey's alternative durational departure motion. It departed 4 months from the State's requested 32-month prison sentence, imposing a total controlling sentence of 28 months' imprisonment followed by 12 months' postrelease supervision upon Dailey for her cocaine possession and DUI convictions. It explained that there were substantial and compelling reasons to give Dailey a four-month durational departure because of Dailey's limited criminal history in recent years, ongoing struggles with bipolar disorder, willingness to address her substance abuse problem, and current "cooperation with law enforcement." But it further explained that there were not substantial and compelling reasons to grant Dailey's dispositional departure motion because Dailey had failed on probation in a 2016 criminal case and had nearly 30 convictions in her criminal history

despite not yet being 30 years old. And it concluded its remarks by noting that most persons suffering from bipolar disorder did not commit crimes.

Dailey timely appeals her sentence.

LEGAL ANALYSIS

On appeal, Dailey argues that the trial court erred when it sentenced her in three ways: First, Dailey argues that the trial court abused its discretion when it denied her dispositional departure motion. She asserts that the trial court's denial of her motion was unreasonable because if she provided it with substantial and compelling reasons to support her alternative durational departure motion, she necessarily provided it with substantial and compelling reasons to support her dispositional departure motion. Second, although she recognizes that she never made the argument below, Dailey now asserts that the trial court violated her common-law jury trial right under section 5 of the Kansas Constitution Bill of Rights when it used her criminal history to enhance the severity of her prison sentence. Highly summarized, she contends that section 5 preserves the jury trial right as it existed at common law, which included a defendant's right to have his or her criminal history proven to a jury beyond a reasonable doubt before a sentencing court could rely on that defendant's criminal history to enhance his or her sentence. Third, although Dailey once again recognizes that she never made the argument below, Dailey asserts that the trial court violated her jury trial and due process rights under the Sixth and Fourteenth Amendments to the United States Constitution as explained in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed 2d 435 (2000), by using her criminal history to enhance the severity of her prison sentence without first proving her criminal history to a jury beyond a reasonable doubt.

In its brief, the State responds that Dailey's dispositional departure motion argument is meritless because the record proves that the trial court "thoughtfully

4

considered" Dailey's departure arguments before deciding to grant her alternative durational departure motion. Regarding Dailey's complaint about the trial court violating her common-law jury trial right under section 5 of the Kansas Constitution Bill of Rights, the State asserts that we should not consider this argument since Dailey is raising it for the first time on appeal. It alternatively asserts that we should reject Dailey's common-law jury trial right argument because another panel of this court recently rejected the identical argument in *State v. Albano*, 58 Kan. App. 2d 117, 126, 464 P.3d 332 (2020), *aff'd* 313 Kan. 638, 487 P.3d 750 (2021). Lastly, the State contends that Dailey's argument that the trial court violated her Sixth and Fourteenth Amendment rights as explained in *Apprendi* is meritless since our Supreme Court rejected this exact argument in *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). See *Albano*, 313 Kan. at 643 (reaffirming *Ivory*).

As considered in detail below, we reject Dailey's arguments. Thus, we affirm the trial court's imposition of a total controlling sentence of 28 months' imprisonment followed by 12 months' postrelease supervision upon Dailey for her cocaine possession and DUI convictions.

*Dispositional Departure Properly Denied*

Turning first to Dailey's dispositional departure argument, we note that when a defendant challenges the trial court's decision to deny a departure motion, we review the trial court's decision for an abuse of discretion. *State v. Morley*, 312 Kan. 702, 708, 479 P.3d 928 (2021). A trial court abuses its discretion if it premised its decision on an error of law, an error of fact, or some other unreasonable basis. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). To establish that the trial court's decision was unreasonable, though, a defendant must prove that no reasonable person would have adopted the view taken by the trial court. *State v. Farmer*, 312 Kan. 761, 763, 480 P.3d 155 (2021).

Here, the entirety of Dailey's argument is that the trial court abused its discretion because no reasonable person would have denied her dispositional departure motion. She contends that if her limited criminal history in recent years, ongoing issues with bipolar disorder, willingness to address her substance abuse problem, and current cooperation with law enforcement constituted substantial and compelling reasons to give her a four-month durational departure, then those reasons also constituted substantial and compelling reasons to grant her dispositional departure motion.

But Dailey's argument is clearly incorrect. Because a dispositional departure allows a defendant to remain outside the confines of prison, a dispositional departure is necessarily a larger departure than a durational departure. Thus, contrary to Dailey's apparent argument otherwise, something that constitutes a substantial and compelling reason to grant a defendant's durational departure motion may not necessarily constitute a substantial and compelling reason to grant a defendant's dispositional departure motion. So a durational departure is not the logical equivalent of a dispositional departure.

Furthermore, Dailey's argument ignores the trial court's detailed explanation why it denied her dispositional departure motion. Once more, in addressing her departure motions, the trial court explained that it would grant Dailey's alternative motion for a durational departure because it wanted to credit her for her limited criminal history in recent years, ongoing issues with bipolar disorder, willingness to address her substance abuse problem, and current cooperation with law enforcement. But immediately after saying this, the trial court told Dailey that it was denying her primary motion for a dispositional departure because her specific criminal history did not warrant granting such a large departure to probation. And in doing this, the trial court further noted how Dailey had failed on probation in 2016, had nearly 30 criminal convictions in her criminal history despite being under 30 years old, and had a mental illness that others live with without committing crimes.

In short, by engaging in the preceding analysis, it is readily apparent that the trial court carefully considered Dailey's departure arguments in light of her criminal history. As a result, Dailey cannot establish that the trial court's denial of her departure motion was unreasonable. In turn, we affirm the trial court's denial of Dailey's dispositional departure motion.

*Common-Law Jury Trial Argument Not Preserved and Otherwise Meritless*

Moving next to Dailey's argument regarding her common-law jury trial right under section 5 of the Kansas Constitution Bill of Rights, we note that whether an appellant has preserved an argument for appeal constitutes a question of law over which we exercise unlimited review. *State v. Haberlein*, 296 Kan. 195, 203, 290 P.3d 640 (2012). Likewise, we note that constitutional challenges to the KSGA constitute questions of law over which we exercise unlimited review. *Albano*, 313 Kan. at 641.

Section 5 of the Kansas Constitution Bill of Rights states: "The right of trial by jury shall be inviolate." Previously, when analyzing this language, our Supreme Court has explained that "'[s]ection 5 preserves the jury trial right as it historically existed at common law when our state's constitution came into existence.'" *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1133, 442 P.3d 509 (2019). But K.S.A. 2020 Supp. 21-6814(a)-(c) of the KSGA states that before the trial court may rely on a defendant's criminal history to enhance his or her sentence, the defendant must either admit his or her criminal history in open court or the sentencing court must find that the State established the defendant's criminal history by a preponderance of the evidence. Thus, although section 5 preserves a defendant's common-law jury trial right, the KSGA allows the trial court to rely upon a defendant's criminal history to enhance his or her sentence.

According to Dailey, by doing the preceding, the KSGA sentencing scheme necessarily violates section 5 of the Kansas Constitution Bill of Rights because it allows a

trial court to rely on a defendant's criminal history to enhance that defendant's sentence without first proving that defendant's criminal history to a jury beyond a reasonable doubt. Here, although the trial court gave Dailey a four-month durational departure on her primary offense of possessing cocaine, it is undisputed that the trial court relied on Dailey's criminal history to enhance her underlying cocaine possession prison sentence. Thus, in her brief, Dailey argues that the trial court's reliance on her criminal history to enhance her cocaine possession prison sentence violated the plain language of section 5 of the Kansas Constitution Bill of Rights.

At this juncture, it is important to note that in her brief, Dailey also suggests that the trial court violated her common-law jury trial right under section 5 by relying on her criminal history *to enhance her DUI sentence*—a 6-month jail sentence that ran concurrent with her 28-month cocaine possession prison sentence—without first proving her criminal history to a jury beyond a reasonable doubt. Yet, this argument is plainly incorrect because her DUI conviction under K.S.A. 2018 Supp. 8-1567(a)(2) was *a nongrid offense* with a statutory maximum 6-month sentence regardless of her other criminal history. See K.S.A. 2018 Supp. 8-1567(b)(1)(A). Because the trial court lacked discretion to rely on Dailey's criminal history when sentencing her for DUI, we affirm Dailey's concurrent six-month jail sentence for her DUI conviction.

In any case, regarding her argument that we should vacate her cocaine possession prison sentence, Dailey recognizes that she did not challenge the trial court's reliance on her criminal history to increase her cocaine possession prison sentence below. Additionally, she recognizes that we do not generally consider arguments raised by appellants for the first time on appeal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Even so, Dailey still asks us to consider her argument because she asserts that it involves only a question of law arising on proved or admitted facts that is finally determinative of her case and because consideration of her argument is necessary to serve the ends of justice. See *Phillips*, 299 Kan. at 493 (holding that appellate courts may

8

consider argument for first time on appeal when "[t]he newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case" or when "consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights").

But Dailey's contention that her current argument involves only a question of law arising on proved or admitted facts that is finally determinative of the case is not persuasive. As noted by the State in its brief, Dailey's requested relief is remand for resentencing. Thus, even if we agreed with Dailey's contention that the current KSGA sentencing scheme violates section 5 of the Kansas Constitution Bill of Rights, resolution of this issue in Dailey's favor would not be finally determinative of her case as she would still have to be resentenced for her cocaine possession conviction either with or without her criminal history being proven to a jury beyond a reasonable doubt.

Aside from the preceding, Dailey's contention that we should consider her sentencing challenge for the first time on appeal ignores that we have no duty to do so. In *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020), our Supreme Court held: "The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so." It then relied on this rule to "decline to utilize any potentially applicable exception to review Gray's new [identical offense doctrine] claim." 311 Kan. at 170. Indeed, it specifically explained that it would not consider Gray's identical offense doctrine argument because by not making the argument below, Gray "deprived the trial judge of the opportunity to address the issue in the context of this case" and therefore also deprived it of significant analysis that would have benefited its review. 311 Kan. at 170.

Here, as in *Gray*, by not making her argument below, Dailey deprived the trial court of the opportunity to analyze the constitutional dispute. In the context of her case, Dailey's failure deprived the trial court of the opportunity to analyze whether the KSGA

9

sentencing scheme violates a defendant's common-law jury trial right under section 5 of the Kansas Constitution Bill of Rights by allowing the trial court to rely on a defendant's criminal history to enhance his or her sentence without first proving that defendant's criminal history to a jury beyond a reasonable doubt. This, in turn, means that Dailey's failure has also deprived us of the trial court's analysis on this issue, which would have most likely benefited our review. Simply put, because of the preceding problems, we rely on *Gray*'s precedent to decline Dailey's request to consider her common-law jury trial right argument for the first time on appeal.

As a final point, though, we note that even if we considered Dailey's common-law jury trial right argument for the first time on appeal, we would have rejected it for the reasons explained in *Albano*. As pointed out by the State in its brief, in *Albano*, another panel of this court rejected Dailey's exact argument, holding that "[t]he sentencing court's use of judicial findings of prior convictions to sentence a defendant under the [KSGA] does not violate section 5 of the Kansas Constitution Bill of Rights." 58 Kan. App. 2d 117, Syl. ¶ 4. The *Albano* court reached this holding because none of the available authority indicated that section 5's jury trial right was greater than the Sixth Amendment's jury trial right, which does not provide a defendant with a right to have his or her criminal history proven to a jury beyond a reasonable doubt for sentencing enhancement purposes. 58 Kan. App. 2d at 127. See *Albano*, 313 Kan. 638, Syl. ¶ 4.

Although Dailey contends the *Albano* decision was wrongly decided in her appellant's brief, the *Albano* decision remains valid law. Also, panels of this court continue to rely on *Albano* to reject other defendant's substantively identical arguments. See, e.g., *State v. Reisinger*, No. 119,791, 2021 WL 2171093, at *11 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. ___ (August 31, 2021). Thus, in addition to rejecting Dailey's argument because she is making it for the first time on appeal, we reject Dailey's argument that the trial court violated her common-law jury trial right under section 5 of the Kansas Constitution Bill of Rights by relying on her criminal

10

history to enhance her cocaine possession prison sentence without first proving her criminal history to a jury beyond a reasonable doubt based on the analysis in *Albano*.

Apprendi *Argument Not Preserved and Otherwise Meritless*

Finally, turning to Dailey's last argument, we once again note that whether an issue is properly before us and whether a law is constitutional constitute questions of law over which we exercise unlimited review. *Albano*, 313 Kan. at 641; *Haberlein*, 296 Kan. at 203.

In her final argument on appeal, Dailey contends that the trial court violated her Sixth Amendment jury trial right and Fourteenth Amendment due process right as stated in *Apprendi* by relying on her criminal history to enhance the severity of her cocaine possession prison sentence without first requiring her criminal history to be proven to a jury beyond a reasonable doubt. Because Dailey did not make this argument before the trial court, however, we decline to consider her argument for the first time on appeal. See *Gray*, 311 Kan. at 170 (holding that even if exception to general rule against considering issues for first time on appeal applied, appellate courts have no obligation to apply such exception). And notwithstanding Dailey's preservation problem, we also reject Dailey's argument because we are duty-bound to follow our Supreme Court precedent rejecting this exact argument. See *Albano*, 313 Kan. at 643 (reaffirming *Ivory*); *Ivory*, 273 Kan. at 45-48 (holding that *Apprendi* does not apply where sentence imposed was based in part upon defendant's criminal history score as calculated under KSGA).

Affirmed.