NOT DESIGNATED FOR PUBLICATION

No. 124,204

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER CLARK,
*Appellant*.


MEMORANDUM OPINION


Appeal from Geary District Court; MERYL D. WILSON, judge. Opinion filed July 8, 2022. Appeal dismissed in part, sentence vacated in part, and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.


PER CURIAM: Christopher Clark appeals the sentence imposed following his no-contest plea to one count of possession of MDMA with the intent to distribute. Clark argues on appeal the district court erred in ordering him to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., because of his conviction. He further asserts the district court erred in denying his motion for dispositional and/or durational departure. After review, we agree the order to register was imposed incorrectly and must be vacated. But we find we have no jurisdiction to address Clark's sentencing issue because a guideline sentence was imposed. Therefore, we dismiss in part, vacate his sentence in part, and remand with directions.

1

FACTS

Clark pled no contest to one count of possession of MDMA with intent to distribute, a severity level 3 nonperson drug felony, in harmony with his plea agreement. In exchange for his plea, the State amended its original charge from a level 2 to a level 3 offense and dismissed several other drug-related charges. Prior to sentencing, Clark filed a motion for dispositional and/or durational departure. In support of his motion, Clark cited his ties to the community and his completion of an outpatient drug treatment program. Clark also asserted his criminal history was unique because although he had more than 20 prior convictions, 21 were not scoreable. His criminal history score of C was the result of a 2007 conviction for conspiracy to commit burglary and three converted municipal person misdemeanor convictions that occurred between 2009 and 2019. In other words, Clark argued his criminal history was either old or relatively minor and should not be considered by the district court.

At sentencing, Clark accepted responsibility for his actions and asked for leniency. Clark's counsel then reiterated the arguments in his departure motion. However, the district court was unpersuaded and denied Clark's motion, stating: "[T]he prior convictions, your prior history with the courts demonstrates that they far outweigh any mitigating factors and, therefore, your motion for a departure will be denied." The district court imposed the standard guideline presumptive sentence of 68 months' imprisonment with 36 months' postrelease supervision.

At the sentencing hearing, the district court did not order Clark to register under KORA. But the journal entry of sentencing—filed after Clark's notice of appeal— indicated Clark was required to register as a drug offender. Additional facts are set forth as necessary.

ANALYSIS

*Standards of Review*

Both issues on appeal require us to interpret Kansas statutes, which present questions of law subject to unlimited review. But we must also determine if we have jurisdiction over the second issue. Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019). If we have jurisdiction to consider the district court's denial of Clark's departure motion, its decision is reviewed for an abuse of discretion. *State v. Farmer*, 312 Kan. 761, 763, 480 P.3d 155 (2021). "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. [Citation omitted.]" *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

*Discussion*

*Clark is not required to register under KORA.*

Clark correctly argues—and the State agrees—he is not required to register as a drug offender under KORA based on his conviction for possession of MDMA with the intent to distribute. KORA only requires registration for drug offenders convicted of possession with intent to distribute under K.S.A. 2021 Supp. 21-5705(a)(1). See K.S.A. 2021 Supp. 22-4902(f)(1)(C). Here, Clark was convicted of possession with intent to distribute under K.S.A. 2019 Supp. 21-5705(a)(4). The substance he possessed, MDMA, is a Schedule I controlled substance under K.S.A. 2021 Supp. 65-4105(d)(8); however, K.S.A. 2021 Supp. 21-5705(a)(1) only applies to controlled substances designated in K.S.A. 2021 Supp. 65-4107(d)(1), (d)(3), and (f)(1).

As our Supreme Court has noted, "the legal obligation to register springs from the existence of statutory conditions, such as a conviction of a specified offense, and are not dependent on a court's discretion or factual determinations." *State v. Marinelli*, 307 Kan. 768, 785, 415 P.3d 405 (2018). Registration for a "'[d]rug offender' [applies to] any person who, on or after July 1, 2007: . . .[i]s convicted of [a statutorily specified crime]." K.S.A. 2021 Supp. 22-4902(f)(1). Because Clark was not convicted of any crime requiring registration under K.S.A. 2021 Supp. 22-4902(f)(1), the district court's registration order indicated in the journal entry is erroneous. We therefore vacate the order and remand to the district court with instructions to prepare a nunc pro tunc journal entry reflecting Clark is not required to register as a drug offender under KORA.

*We lack jurisdiction to review the denial of Clark's departure motion.*

Clark next argues the district court erred in denying his departure motion, asserting the district court improperly weighed aggravating circumstances against the mitigating factors cited in his departure motion. He asks us to extend our Supreme Court's holding in *State v. Jolly*, 301 Kan. 313, 322, 342 P.3d 935 (2015)—disapproving of weighing aggravating circumstances against mitigating circumstances when considering a Jessica's Law sentencing departure—to the district court's decision on a motion for departure from an on-grid sentence under K.S.A. 2021 Supp. 21-6815.

Clark's argument is misplaced. Under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2021 Supp. 21-6801 et seq., we do not have jurisdiction to review the imposition of a presumptive sentence. K.S.A. 2021 Supp. 21-6820(c)(1). Additionally, the holding in *Jolly* was specific to a departure motion from an off-grid sentence. See 301 Kan. at 321-23. In contrast, our Supreme Court has consistently noted the jurisdictional limitations on appellate review of KSGA grid-based sentences. See, e.g., *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016).

Here, Clark was sentenced to the standard presumptive duration and disposition—68 months' imprisonment—based on his crime of conviction—a severity level 3 nonperson drug felony—and criminal history category of C. See K.S.A. 2021 Supp. 21-6803(q) ("'[P]resumptive sentence' means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history."); K.S.A. 2021 Supp. 21-6805(a) (KSGA drug felony sentencing grid); K.S.A. 2021 Supp. 21-6809 (defining criminal history categories based on nature and number of prior convictions). While the State fails to raise the jurisdictional issue, we have an independent duty to question whether we have jurisdiction. Where the record discloses a lack of jurisdiction, the appeal must be dismissed. *Marinelli*, 307 Kan. at 769.

We decline to offer any merits analysis on this point because we lack jurisdiction over the issue. See *In re Estate of Lentz*, 312 Kan. 490, 504, 476 P.3d 1151 (2020) ("[O]nce a Court of Appeals panel concludes jurisdiction is lacking, the better practice is not to proceed to opine about the merits of the issues.").

Appeal dismissed in part, sentence vacated in part, and case remanded with directions.