NOT DESIGNATED FOR PUBLICATION

No. 126,813

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH ALAN JARVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed August 30, 2024. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PER CURIAM: Defendant Kenneth Alan Jarvis appeals the sentence the Sedgwick County District Court imposed on him after he pleaded guilty to one count of attempted indecent liberties with a child. We granted Jarvis' motion for summary disposition of this appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). In its response, the State did not object to summary disposition.

The State initially charged Jarvis with one count of indecent liberties with a child. In an agreement with the State, Jarvis pleaded guilty to the amended charge of attempted indecent liberties with a child. At sentencing, the district court determined Jarvis had a criminal history score of B and qualified as a persistent sex offender under K.S.A. 21-6804, requiring a special sentencing rule. Consistent with the plea agreement and the

1

special rule, the State requested a sentence that doubled the high presumptive term of imprisonment under the guidelines.

Jarvis filed a motion for a downward durational departure sentence—a shorter prison term. In support of his request, Jarvis pointed out he had accepted responsibility and cooperated throughout this case. The district court denied Jarvis' motion to depart and imposed the State's requested sentence for a controlling prison term of 62 months. Based on the crime of conviction, the district court also ordered Jarvis to be on postrelease supervision for life and to comply with the Kansas Offender Registration Act, K.S.A. 22-4901 et seq.

Jarvis appeals his sentence. He first argues that the district court abused its discretion in denying his request for a reduction of the presumptive sentence. Specifically, Jarvis asserts that "no reasonable person would agree his acceptance of responsibility and significant cooperation did not justify a departure." He next argues the district court violated his constitutional rights by using his criminal history to increase his sentence without his past convictions having been proved in this case to a jury beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

We find no error. In his motion for summary disposition, Jarvis acknowledged a likely jurisdictional bar. And we have a duty to examine our jurisdiction. If we lack appellate jurisdiction, the appeal must be dismissed. See *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). Here, the record discloses that the district court imposed a presumptive sentence for the conviction of attempted indecent liberties with a child. Because the district court imposed the presumptive sentence as set forth in the plea agreement, we lack jurisdiction under K.S.A. 21-6820(c)(1) to consider Jarvis' claim that the district court abused its discretion in denying his departure motion. See *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021) (appellate court lacks jurisdiction over

appeal from sentencing court's denial of departure motion from presumptive sentence). We, therefore, dismiss this claim.

We also reject Jarvis' claim that the district court violated his constitutional rights by using his criminal history to increase his sentence absent a jury determination. Kansas appellate courts have consistently rejected this argument. See *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 487 P.3d 750 (2021); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). The Kansas Supreme Court has given no indication it is retreating from the holding in *Ivory*. See *Albano*, 313 Kan. at 643. We, therefore, deny this claim.

Affirmed in part and dismissed in part.