NOT DESIGNATED FOR PUBLICATION

Nos. 127,462
127,463
127,464

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY ALEXANDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Opinion filed February 28, 2025. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., MALONE and CLINE, JJ.

PER CURIAM: Men and women on probation must understand that violation of the rules of probation have consequences. Anthony Alexander appeals the revocation of his probation in 21CR705 and the denial of his motions for departure sentences in 22CR182 and 23CR249. We consolidated his appeals under Supreme Court Rule 2.06 (2024 Kan. S. Ct. R. at 19) and granted Alexander's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). We find no abuse of discretion by the district court in revoking Alexander's probation in 21CR705 and conclude that we lack jurisdiction over his appeals of his presumptive sentences in 22CR182 and 23CR249. Therefore, we affirm in part and dismiss in part.

1

Alexander pled guilty in 21CR705 to distribution of methamphetamine, buying sexual relations, and possession of drug paraphernalia. These crimes were committed in September 2021. Alexander received a downward dispositional departure sentence of 36 months' probation and a suspended 55-month prison sentence.

Later, Alexander was arrested for possession of methamphetamine and possession of drug paraphernalia. Alexander stipulated to violating his probation. The district court ordered Alexander to serve a 60-day jail sanction and reinstated his probation. Then, Alexander committed additional crimes.

These new charges prompted the State to move to revoke Alexander's probation in 21CR705. The State alleged in the motion that Alexander:

- failed to report to his probation supervisor on two occasions,
- failed to engage in substance abuse treatment as directed,
- absconded from supervision, and
- engaged in the illegal activity of possession of marijuana, distribution of opiates, possession of drug paraphernalia, interference with law enforcement, and offender registration violation.

The new charges were later resolved by guilty pleas. In 22CR182, Alexander pled guilty to possession of methamphetamine. In 23CR249, he pled guilty to distribution of methamphetamine, possession of marijuana, interference with law enforcement, possession of drug paraphernalia, and offender registration violation.

At a combined hearing, the district court took up the revocation motion in 21CR705 and the sentencing of Alexander in 22CR182 and 23CR249. In 21CR705, Alexander admitted he violated his probation conditions. The court revoked his probation and imposed the suspended sentence. The court looked at the history of the cases and noted Alexander's pattern of failing to report, failing to get treatment, and illegally

2

possessing substances. The court acknowledged Alexander stated he wanted to get treatment but believed he would revert to his old ways if placed on probation.

In 22CR182 and 23CR249, Alexander moved for dispositional departure sentences. The district court denied the departure motions. In 22CR182, the court sentenced Alexander to 20 months in prison, the standard number in the grid box. In 23CR249, the court sentenced Alexander to 59 months in prison, the standard number in the grid box. The court ordered all three sentences to be served concurrently.

Alexander appeals. He acknowledges that while the district court had the legal authority to revoke his probation, revocation was unreasonable. He contends his continued probation would have allowed him to get treatment to address his substance abuse issues. He also argues the district court abused its discretion in denying his departure motions.

Well-established law controls these cases. Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). See K.S.A. 22-3716. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

A court may revoke probation without having previously imposed any sanction if the probation was originally granted as the result of a dispositional departure, the offender committed a new felony or misdemeanor while on probation, or the offender absconded from supervision while on probation. K.S.A. 22-3716(c)(7)(B)-(D).

3

Here, we see no abuse of discretion by the court. There is no dispute the district court had the legal and factual authority to revoke Alexander's probation and impose the underlying sentence because his probation was originally granted as the result of a dispositional departure, and he committed new crimes while on probation. A reasonable person could agree with the district court's decision because Alexander had multiple chances at probation and one of his violations was failing to engage in substance abuse treatment. The district court wanted Alexander to succeed on probation, but given the history of the cases did not believe he would do so. A reasonable person could agree with the district court.

In addition, we will not consider Alexander's challenges to the denial of his departure motions because we simply lack jurisdiction to consider appeals from presumptive sentences. K.S.A. 21-6820(c)(1); *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021). K.S.A. 21-6820(c)(1) provides that an appellate court shall not review on appeal a sentence for a felony committed after July 1, 1993, that is within the presumptive Guidelines sentence for the crime. See *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021). A presumptive sentence is the sentence within the range set forth in the sentencing grid based on the severity level of the current crime of conviction and the defendant's criminal history. K.S.A. 21-6803(q). Alexander received presumptive sentences. We will not exceed our jurisdiction and tamper with these presumptive sentences. Alexander violated the rules of his probation and now suffers the consequences of his actions.

Affirmed in part and dismissed in part.