NOT DESIGNATED FOR PUBLICATION

Nos. 127,634
127,635
127,636
127,637

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT THEODORE KENDALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Opinion filed June 13, 2025. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Robert Theodore Kendall asks this court to review a portion of the sentences the district court ordered in the four cases covered by his global plea agreement, as well as the district court's denial of his request for a departure sentence. We granted Kendall's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). It is clear from a review of the record that the sentences Kendall was directed to serve were a product of the district court's reasonably exercised discretion. Kendall's challenge to the district court's denial of his departure motion is not one we have jurisdiction to consider given the fact he received a presumptive sentence for the case in which the departure request was submitted.

1

Accordingly, we affirm the district court's sentencing determination and dismiss Kendall's claim that it erred in denying his departure motion.

In September 2023, Kendall entered into a plea agreement to collectively resolve his four pending cases. In case number 21-CR-404, he pleaded guilty to possession of hydrocodone and his third offense of driving under the influence (DUI) within 10 years in violation of K.S.A. 8-1567(a)(2), (b)(1)(D), a nongrid, nonperson felony. In case number 21-CR-499, he pleaded guilty to a fourth or subsequent DUI within 10 years, in violation of K.S.A. 8-1567(a)(1), (b)(1)(E), a nongrid, nonperson felony. In case number 22-CR-426, he again pleaded guilty to a fourth or subsequent DUI within 10 years in violation of K.S.A. 8-1567(a)(1), (b)(1)(E), a nongrid, nonperson felony; violation of a protection order; and driving while suspended. Finally, in case number 23-CR-394, Kendall pleaded guilty to a fourth or subsequent DUI within 10 years in violation of K.S.A. 8-1567(a)(2), (b)(1)(E), a severity level 6, nonperson felony; driving without liability insurance; and failure to report an accident with an unattended vehicle.

Before sentencing, Kendall moved for a downward dispositional or durational departure in case 23-CR-394 but his request was denied. The district court then imposed the following sentences for each respective offense in the four cases:

- Case 21-CR-404: a presumptive 12-month term of probation with an underlying 20-month prison sentence and a 12-month jail term, to be served concurrently.

- Case 21-CR-499: a 12-month jail term.

- Case 22-CR-426: three concurrent 12-month jail terms.

- Case 23-CR-394: the presumptive 30-month standard prison sentence, a 12-month jail term, and 30 days in jail, with the sentences to run concurrently.

The sentences in cases 21-CR-404 and 22-CR-426 were ordered to run concurrent with each other, but consecutive to those imposed in cases 21-CR-499 and 23-CR-394, which were also ordered to be served consecutively to one another. First, Kendall takes issue with the district court's imposition of a 12-month jail sentence for his fourth or subsequent DUI convictions in cases 21-CR-499 and 22-CR-426 rather than the minimum allowable jail term of 90 days. He further asserts that the district court erred in running his sentences in those two cases consecutive to that which was imposed in case 23-CR-394. On appeal, we will not reverse a sentence imposed within the statutory guidelines unless the district court abused its discretion. *State v. Sprout*, No. 120,297, 2019 WL 5485148, at *1 (Kan. App. 2019) (unpublished opinion). Whether a sentence should run concurrent with or consecutive to another sentence is likewise a matter left to the district court's sound discretion. *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 (2012). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing such abuse occurred. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022). Kendall does not allege, in either of his claims, that the district court's decision was based on an error of fact or law, so we are left to conclude he perceives them to be unreasonable.

Kendall's violations in cases 21-CR-499 and 22-CR-426 were committed in June 2021 and June 2022, respectively. At that time, the DUI statute provided that when sentencing offenders for their fourth or subsequent conviction, district courts "shall" order "imprisonment" but retain discretion to determine the appropriate duration of that

sentence, so long as it was "not less than 90 days" nor greater than one year. K.S.A. 2018 Supp. 8-1567(b)(1)(E).

Following a thorough review of the record we find that the district court's decision to order Kendall to serve the one-year maximum allowable sentence for each of the two challenged cases and run them consecutive to his sentence in case 23-CR-394 was not unreasonable. The facts before us reveal that Kendall wages a very significant battle with substance abuse, which led to four felony DUI offenses over the span of three years, two that resulted in accidents, and the final one occurring roughly 48 hours after his completion of inpatient treatment. The district court acknowledged Kendall's request for another chance to get his life back on track and was sympathetic to the toll incarceration might take on him given his advanced age. Even so, it ultimately concluded that the priority must lie with insulating the community from the danger Kendall posed. Given the facts and circumstances of Kendall's cases, we find the length of sentence ordered by the district court and its imposition of consecutive sentences to be wholly reasonable.

Next, Kendall contends the district court erred when it declined to grant his request for a dispositional or durational departure. But under the Revised Kansas Sentencing Guidelines Act (KSGA), appellate courts lack jurisdiction to consider challenges to the denial of a departure motion because the KSGA expressly prohibits them from reviewing "'[a]ny sentence that is within the presumptive sentence for the crime.'" *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021); see K.S.A. 21-6820(c)(1). The KSGA defines "presumptive sentence" as one imposed from within the range set forth in the sentencing grid, which factors in the severity level for the crime of conviction as well as the defendant's criminal history score. K.S.A. 21-6803(q). Here, Kendall pleaded guilty to a fourth or subsequent DUI in violation of K.S.A. 8-1567(b)(1)(E), in case 23-CR-394, and the district court imposed the standard presumptive sentence of 30 months of imprisonment from the sentencing grid for that

4

offense. Accordingly, he received a presumptive sentence, and as a result, we lack jurisdiction to consider whether the district court erred in denying his departure request.

Kendall failed to sustain his burden to establish that the first two sentencing claims he brought to us for consideration demonstrated an abuse of discretion on the part of the district court. His final claim of error falls outside the scope of our jurisdiction.

Affirmed in part and dismissed in part.