NOT DESIGNATED FOR PUBLICATION

No. 128,718

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEX JARAMILLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Submitted without oral argument. Opinion filed March 6, 2026. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and HILL, JJ.

HILL, J.: Claiming a sentencing court's abuse of discretion, Alex Jaramillo brings this direct appeal of his sentence for violating an offender registration requirement. At sentencing, he asked the court for either a dispositional or a durational departure sentence. The court granted one but not the other. After finding compelling and substantial reasons to do so, the court imposed a durational departure sentence, cutting Jaramillo's prison sentence in half but then, after deciding there were no substantial and compelling reasons to depart further, denied Jaramillo's request for a dispositional departure and sent him to prison.

1

*A guilty plea leads to a new sentence and Jaramillo's request for leniency.*

Because he failed to report as directed, Jaramillo pled guilty to violating his offender registration requirements, a severity level 6 person felony. In exchange for his guilty plea, the State agreed to recommend the mitigated sentence in Jaramillo's presumptive sentencing grid box.

Jaramillo's presentence investigation report revealed that his criminal history score was A, the highest score possible. This score meant that Jaramillo would presumptively receive a prison sentence, unless the sentencing court imposed a departure sentence.

Accordingly, before sentencing, Jaramillo moved for a downward dispositional or durational departure to allow him to be released on probation rather than going to prison or, in the alternative, a shorter prison sentence. He argued that substantial and compelling reasons justified such a departure:

- He had timely accepted responsibility for his conduct;
- he was willing to participate in any programs available, and community resources were available outside the Department of Corrections;
- even though his record revealed convictions for three person felonies, the most recent of those felonies was more than 10 years prior to sentencing, while the bulk of the rest of his criminal history involved driving misdemeanors;
- he was arrested while riding a bicycle and not illegally driving a car;
- he had a support system in the community and was the caregiver to his mother; and
- he was gainfully employed when he was arrested and had a job waiting for him upon release.

*The sentencing court considered arguments from both sides before imposing sentence.*

The sentencing court recognized that this was simply a failure to report case. In other words, it was a crime for Jaramillo not to report. While the court found no substantial and compelling reasons to grant Jaramillo's motion for a *dispositional* departure, it did find sufficient reasons to grant a *durational* departure. The court reasoned that such a sentencing departure was justified given (1) Jaramillo's timely acceptance of responsibility; (2) this was Jaramillo's first offender registration violation; and (3) Jaramillo had registered for a significant amount of time prior to this violation.

Then, the court imposed a 20-month prison sentence—half of the mitigated number in the appropriate sentencing grid box—with 24 months of postrelease supervision.

Jaramillo appeals the denial of his motion for a dispositional departure sentence.

*We can review this matter because the court imposed a departure sentence.*

Ordinarily, appellate courts lack jurisdiction under our Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., to consider appeals from the denial of motions for departure sentences because appellate courts cannot review sentences that are within the presumptive sentence for the crime. K.S.A. 21-6820(c)(1); *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021). But we can review departure sentences. When we do review decisions on departure requests, we look for an abuse of discretion. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021).

When we consider departure sentences, we look to see if the sentencing court's findings of fact and reasons justifying a departure are supported by the record and

whether those facts "constitute substantial and compelling reasons for departure." K.S.A. 21-6820(d).

*Jaramillo claims an abuse of discretion to deny him probation.*

Jaramillo argues that the sentencing court abused its discretion because no reasonable person would have taken the view that he was unamenable to probation based on the mitigating factors that he had registered consistently for over a decade, that he had a family to support and who would support him in return, and that his failure to register was no more than a scheduling accident.

In response, the State argues that Jaramillo has shown no error of law or fact that would compel us to declare an abuse of discretion. Instead, in the State's view, just because Jaramillo disagrees, that does not render the district court's decision unreasonable. The State further argues that the sentencing court's decision was reasonable given Jaramillo's extensive criminal history and his failure to abide by bond obligations, most notably his repeated methamphetamine use and his failure to engage in outpatient drug and alcohol treatment.

*Based on this record, we find no abuse of discretion by the sentencing court.*

The sentencing court did not abuse its discretion when it found that no substantial and compelling reason justified a dispositional departure sentence. After Jaramillo pled guilty to failing to register according to offender registration requirements, the district court granted a bond and ordered that Jaramillo be put on pretrial supervision. The court warned Jaramillo that "[i]f he screw[ed] up, then it's going to be taken into account by the sentencing judge." About three months later, the State moved to revoke Jaramillo's bond based on his repeated failure to refrain from using drugs and his failure to engage and comply with outpatient drug and alcohol treatment.

4

At sentencing, the court noted that, in cases such as this one, when the defendant has a high criminal history, the court will

"release them on bond as like a mini probation period, to see how they're going to do. And typically, when somebody is successful, then I reward them by giving them probation. Unfortunately, when somebody doesn't make it, that kind of tells me that maybe they're not a good candidate for probation, because they couldn't make it just in that short period of time."

The sentencing court then noted Jaramillo was given this opportunity. The court reasonably determined, based on Jaramillo's criminal history and his performance on pretrial supervision, that Jaramillo was not amenable to probation. The court did, however, find substantial and compelling reasons justified a durational departure sentence based on Jaramillo's acceptance of responsibility, this was his first registration offense, and his compliance with registration requirements for a substantial period before failing to register. Therefore, the court imposed a 20-month prison sentence rather than the presumptive mitigated 40-month sentence that Jaramillo would have received absent the departure.

Jaramillo bears the burden of proving that the sentencing court abused its discretion. See *State v. Hopkins*, 317 Kan. 652, 660, 537 P.3d 845 (2023). He fails to do so here. We note the fundamental differences between departure sentences in terms of length and offender placement. The sentencing court explained its reasons why it was proper to grant a durational departure but not to grant a dispositional departure. The sentencing court's reasoning for denying the dispositional departure and granting the durational departure was supported by the record and the law. We see no abuse of discretion.

Affirmed.